THE TITLE GUARANTY & SURETY COMPANY *v.* BURKE.

Opinion delivered June 10, 1918.

PRINCIPAL AND SURETY—LIABILITY OF PRINCIPAL TO SURETY FOR ATTORNEY'S FEES.—Appellees secured the contract to pave certain streets in a certain city. They were required to give a surety bond, which appellant executed. In its application to appellant, appellees agreed to indemnify appellant against all losses, costs, damages, charges and expenses whatever resulting from any of appellee's acts, default or neglect, that the appellant might sustain or incur by reason of its having executed the bond. The appellees fell into a dispute with the improvement district, the appellees bringing suit against the district. The district filed a cross-complaint against appellees, asking judgment for a large sum and served appellant with summons. Appellant employed counsel to defend. A decree was rendered in favor of the appellees in that litigation. *Held*, under the agreement between appellant and appellees that appellant could not recover from appellees attorneys' fees paid by it in the action between the appellees and the district.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Oglesby, Cravens & Oglesby* and *John W. Newman,* for appellant.

By its instructions the court virtually instructed a verdict for Burke Bros. The written application for the bond constituted a contract whereby appellees obligated themselves to indemnify the surety company against all expenses whatever resulting from any "acts, default or neglect" the company might sustain or incur by reason of having executed the bond. Under the contract, Burke Bros. were clearly liable for the expense of the attorney. 121 Ia. 352; 96 N. W. 782; 86 N. J. L. 55; 90 Atl. 1026; 137 N. W. 848; 92 Neb. 1. Under the undisputed facts the surety company was clearly entitled to a verdict.

*John H. Vaughan* and *Thos. B. Pryor,* for appellees.

There is no evidence whatever that Burke Bros. had by their acts, default or neglect rendered themselves liable in any sum. They were never notified of the suit brought by the attorney and were not made parties. The cases cited by appellant have no application. The court properly instructed the jury that the surety company did not sustain or incur any damages for expenses caused by any acts, default or neglect of Burke Bros. The expenses incurred by the surety company were voluntary and unnecessary. The company was not given the right to employ counsel at its discretion. Burke Bros. were sued for a large amount but they won the suit. 120 Ark. 434. Appellant was a party to that suit. That judgment is conclusive. 20 Ark. 85; 64 *Id.* 447; 87 *Id.* 418. This court conclusively determined that Burke Bros. committed no act, default or neglect creating any liability against them or the surety company. There is no liability and the court properly instructed the jury. There is no error.

SMITH, J. In August, 1906, Burke Bros. were the successful bidders for a contract with Street Improvement District No. 5 of Ft. Smith, for the paving of certain streets in that city. Before entering into the con-

tract it was necessary for them to execute a bond in the sum of $1,202,450 in favor of the district, guaranteeing the faithful performance of the contract. They made written application to the Title Guaranty & Surety Company, asking that it become surety upon that bond. The surety company was engaged in the business of executing such bonds in consideration of the payment of certain premiums. In their application for this bond, among other things, Burke Bros. stipulated that they bound themselves "to indemnify said Title Guaranty & Surety Company against all losses, costs, damages, charges, and expenses whatever resulting from any of their acts, default or neglect that the said Title Guaranty & Surety Company may sustain or incur by reason of its having executed said bond or any continuation thereof." In consideration of the representations and stipulations made in the written application of Burke Bros., the Title Guaranty & Surety Company executed the bond as surety. The bond was accepted by the Improvement District, and the contract between the Improvement District and Burke Bros. was formally entered into.

Burke Bros. started work under the contract, but disputes arose between them and the Improvement District as to the practical construction of various clauses of the contract. These differences finally developed into a suit that was instituted by Burke Bros. in the chancery court, wherein they asked for judgment against the Improvement District for the percentage of the contract price retained by the District and for damages claimed to be due them on account of wrongful acts of the District. The Improvement District filed an answer denying specifically the allegations of the complaint, and filed a cross-complaint against Burke Bros. and the Title Guaranty & Surety Company as surety upon the bond of Burke Bros., setting up that Burke Bros. had failed in the performance of their contract and asking for judgment against them and their surety in the sum of $131,703.04. The Surety Company was served with summons under the cross-complaint.

The Surety Company employed an attorney to represent it, and in a letter written at the beginning of the litigation this attorney expressed the opinion that Burke Bros. would prevail in the litigation and that no judgment would be recovered against them. It was recognized that because of certain changes in the construction contract the Surety Company would have defenses not available to Burke Bros., and with this thought in mind the attorney advised the company that "there is no doubt in my mind but that your company has been released as surety on the bond which you made and that you are not liable thereunder." However, in view of the importance of the litigation and the large sum of money involved, the Surety Company employed an attorney to represent it, and this attorney appears to have participated in the preparation of the case for trial in the lower court and in the trial there. This trial resulted in a decree in favor of Burke Bros., but for what they regarded as an inadequate sum, and an appeal was prosecuted by them to this court, where the decree of the lower court was modified and affirmed. The result of the trial in the lower court was that judgment was entered in favor of Burke Bros. and also in favor of the Surety Company. No appeal was prosecuted from the judgment in favor of the Surety Company. The effect of the modification of the decree upon the appeal was to increase the recovery of Burke Bros., so that the final judgment in the cause was for about fifty thousand dollars in favor of Burke Bros. See *Burke Bros.* v. *Bd. of Imp. Paving Dist. No.* 5, 120 Ark. 434.

After the decision was rendered in the lower court in favor of Burke Bros. and the Surety Company, the attorney who represented the Surety Company demanded payment for his services, but the amount demanded was considered by the Surety Company to be excessive and payment of the sum demanded was refused. The attorney instituted suit against the Surety Company, and the defense was made that Burke Bros. in making their defense had left but little for the attorney for the Surety

Company to do and that the firm of Burke Bros. was entirely solvent and had assumed the burden of the defense of the suit. And it is now admitted that the Surety Company never notified Burke Bros. of this suit of the attorney, and they were not made parties to it nor were they called upon to defend it. The attorney recovered judgment, and the Surety Company now seeks reimbursement for the amount of this judgment together with certain expenses voluntarily incurred by it in connection with the defense of this suit.

The contention of the Surety Company is that the written application containing the clause set out above constituted a contract between itself and Burke Bros. whereby Burke Bros. obligated themselves to indemnify the Surety Company against all expenses whatever resulting from any of their "acts, default or neglect" that the Surety Company might sustain or incur by reason of its having executed the bond. The suit was defended by Burke Bros. upon the theory that they had been guilty of no default or neglect and that the expenses incurred by the Surety Company were voluntarily and unnecessarily incurred. No attempt was made to show that Burke Bros. were insolvent and the only evidence upon this question is found in the answer of the Surety Company in its suit with its attorney, in which they alleged that Burke Bros. were solvent, and in the application contract which was attached as an exhibit to their answer, wherein it appears that the assets of Burke Bros. amounted to $340,000 and M. C. Burke, of the firm of Burke Bros., testified that the application for the bond carried an assignment of the brick plant and all other machinery owned and used by them in connection with their contract and which were worth about $200,000.

Instructions requested by the Surety Company would, in effect, have directed a verdict in its favor. But all of these instructions were refused. On the other hand, the court gave all of the instructions requested by Burke Bros., and these instructions were to the effect that, before the Surety Company would have a right of action against

Burke Bros. it must first show that Burke Bros. had defaulted in the obligations of the bond upon which it was surety, and the mere fact that the Surety Company had been made a party to a suit, when there was no liability against either the principal or surety on said bond, would not entitle it to recover money voluntarily expended in connection with the defense of that suit, provided Burke Bros. had themselves assumed the defense of the case and were properly defending it. Another instruction told the jury that the decision of the Supreme Court, in which judgment was rendered in favor of Burke Bros., was conclusive of the issue that Burke Bros. had been guilty of no default or neglect which could have resulted in any liability against the Surety Company.

It is apparent, from a consideration of the instructions refused and given, that a verdict was in effect directed in favor of Burke Bros. This action resulted from the construction which the trial court gave to the language set out above contained in the application of Burke Bros. for the bond.

Appellant concedes that there are no questions of fact of any controlling importance, but by this appeal does question the correctness of the interpretation of the application for the bond made by the court below, and the decision of this appeal turns upon that question.

Learned counsel for appellant cite and rely upon the case of *United States Fidelity & Guaranty Co.* v. *Hittle,* 96 N. W. 782 (Iowa), where the court said that, in the absence of such bad faith as would operate as a fraud, the surety upon a bond had the right to employ and pay counsel to defend an action against it arising out of the bond upon which it was surety. But in the statement of the facts in that case it appears that the application for the bond contained the recital that the principal would "indemnify and keep indemnified" the company "from and against any, all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said company shall or may, for any cause, at any time, sustain or incur or be put to for or by reason or in

consequence of said company having entered into or executed said bond." This agreement distinguishes that case from the instant case and clearly entitled the surety company, acting in good faith, to employ counsel, as it did do. Other cases cited by counsel are likewise distinguishable from the instant case.

Here the surety company was not given the right to employ counsel at its discretion. Upon the contrary, Burke Bros. agreed only "to indemnify the Surety Company against losses, costs, damages, charges and expenses resulting from any of their acts, default or neglect." It it true Burke Bros. were sued and judgment for a large sum of money was asked against the Surety Company on account of the default and neglect of Burke Bros. But it was determined that Burke Bros. had been guilty of no acts, default or neglect out of which any liability against the Surety Company arose. The Surety Company did not reserve to itself in the written application the right to employ counsel at Burke Bros.' expense, as was done in the Iowa case, *supra,* and the condition against which it had contracted did not arise, because it did not sustain or incur any liability on account of the acts, default or neglect of Burke Bros., and the court properly so instructed the jury, and its judgment will, therefore, be affirmed .