12886

UNITED STATES FIDELITY & GUARANTY CO. v. GARRETT
*ET AL.*

(152 S. E., 772)

*Messrs. Dakyns B. Stover,* and *Nettles & Oxner,* for appellant,

*Mr. C. Granville Wyche,* for. respondents,

April 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a contract of indemnity. The complaint alleges that on or about October 15, 1924, the Bank of Fountain Inn applied to plaintiff for a depository bond in the sum of $5,000 in favor of Greenville County, to indemnify the county "from any and all loss that may or might arise or occur as result of the depositing by it of certain county and public funds" in that bank; that the bond was issued in consideration of the execution by the defendants of a written instrument, whereby they agreed to indemify the plaintiff "against any and all loss, suits, actions, debts, damages, costs, charges and expenses, including Court costs and counsel fees, etc., that should or might at any time happen or result to the plaintiff by reason of the execution by plaintiff of the bond aforesaid"; that Greenville County thereafter made claim under the bond and brought suit against the plaintiff on same in the Common Pleas Court for Greenville County; that defendants were notified of this claim and the filing of the suit, and demand was made upon them for the protection provided for in the indemnity agreement, but they refused to furnish same; that plaintiff thereupon employed counsel and had the suit removed to the Federal Court and defended it; that a nonsuit resulted; that plaintiff incurred and paid counsel fees of $500 and Court costs and witness fees of $30 in the suit. Judgment was asked for $530 under the terms of the indemnity agreement. It may be stated here that the evidence at the trial of the present case showed that Greenville County had paid the witness fees of $30, and consequently plaintiff claimed only the $500 counsel fee.

134

The defendants by their answer pleaded: (1) A general denial; (2) that the indemnity agreement was without consideration; (3) that by its terms the depository bond became void on October 15, 1926, unless prior thereto the bank had suspended payment or failed or refused to pay the county on legal demand, neither of which events occurred, and that upon the expiration of the bond the indemnity agreement also became void; (4) that the indemnity agreement "is null and void, contrary to the laws of the State of South Carolina and against public policy"; (5) that the amount of attorney's fees charged was excessive and unreasonable; and (6) that plaintiff refused to permit defendants to defend the action, but, without consultation, made its own arrangement with its own attorneys to defend the suit, thereby waiving any claim which it had under the terms of the indemnity agreement.

The case was tried before Judge Mauldin and a jury on June 21, 1929, the trial resulting in an order directing a verdict for the defendants, from which order the plaintiff appeals.

The granting of the motion to direct a verdict seems to be predicated upon the view that the indemnity agreement does not cover counsel fees in defending a suit such as was brought by Greenville County, that suit having turned out to be without merit. We do not agree with this view. The language of the indemnity agreement, which expressly includes "counsel fees," is sufficiently broad to cover such fees incurred by the company in defending a suit arising by reason of its suretyship on behalf of the bank, whether such suit be meritorious or groundless.

It may be observed that a different situation would be presented if it were shown that there was a lack of good faith on the part of the company or its counsel in defending the Greenville County suit. It is only fair, however, to say that the complaint in that suit stated a good cause of action against this plaintiff; that testimony adduced by the de-

fendants in the case at bar shows that the company's counsel did not know that the *Greenville County case* was not meritorious: and that no lack of good faith on their part is charged or attempted to be shown.

But the respondents contend that they are not liable for the counsel fees for the additional reason that the payment of these fees was entirely voluntary on the part of the company, in that they had no knowledge of the Greenville County suit, were not notified thereof, and were not given an opportunity to contest it. Conceding the rule to be that an indemnitee who is sued on a claim covered by an indemnity agreement may not recover from the indemnitor the attorney's fees paid by him in defending the suit, unless he has notified the indemnitor to defend against the claim and the indemnitor has refused, does not avail the respondents. The depository bond expired on October 15, 1926. On December 8 of that year the plaintiff wrote a letter to each of the indemnitors, referring to the indemnity agreement, and advising that the Treasurer of Greenville County had notified the company that the bank had closed its doors and that he intended to hold the company responsible as surety according to the terms of the depository bond, and stating that "we will look to you to save us fully harmless from any loss on account of the execution of this bond." On December 22, 1926, the attorneys for the indemnitors replied to that letter stating that, in their opinion, the company was not liable to the county on the depository bond, and that the indemnitors "deny any liability whatsoever to any one." In view of this denial of liability, any further notice to the indemnitors by the company was unnecessary and would have been futile. The situation is just the same, in this respect, as if the indemnitors had been notified of the pendency of the Greenville County suit and had refused to defend it.

The case of *Faneuil Hall Insurance Company v. Liverpool & London & Globe Insurance Company,* 153 Mass., 63, 26 N. E., 244, 247, 10 L. R. A., 423, is similar to the

case at bar. In that case one Chauncey held a fire insurance policy issued by the German-American Insurance Company. The insurer reinsured the risk with the Faneuil Hall Company, which in turn reinsured it with Liverpool Company. The reinsurance policy issued to the Faneuil Hall Company was held by the Court to be a contract of indemnity.

The property insured was destroyed by fire, whereupon proofs of loss were made by Chauncey to the German-American Company, which forwarded them to the Faneuil Hall Company, which in turn sent them to the Liverpool Company. The Liverpool Company returned them to the Faneuil Hall Company, denying liability, and the Faneuil Hall Company did the same with the German-American Company.

Subsequently, Chauncey sued the German-American Company and recovered the amount of his loss. Thereupon that company, after paying the amount recovered by Chauncey, brought suit against the Faneuil Hall Company, its re-insurer, to recover such amount. The Faneuil Hall Company lost that suit and was compelled to pay the German-American Company the amount it had paid to Chauncey, with the costs and expenses incurred by it in defending the suit. Thereupon the Faneuil Hall Company brought suit against the Liverpool Company, its reinsurer, to recover the amount which it had paid to the General-American Company, and claimed as part of its damages the sum of $300 paid by it in defending the suit brought against it by the German-American Company. The Court, in holding that the Faneuil Hall Company was entitled to recover from the Liverpool Company the $300 attorney's fee, said: "The defendant [the Liverpool Company] had had notice of the claim which the German-American Company made upon the plaintiff [the Faneuil Hall Company], and also of the suit brought against the German-American Company by Chauncey; and, in view of its denial of liability, was bound to assume that the plaintiff would take such steps as were reasonable to en-

able it to enforce its rights against the defendant. If the defendant wished to save itself from liability for expenses and costs, it should have taken some action, and given some notice to the plaintiff. It did not do so, and we think that it is liable for the sum of $300 paid by the plaintiff to defend itself against the German-American Company."

It does not follow, however, that in the case at bar the plaintiff is entitled, as a matter of law, to recover from the defendants the full amount paid by it as counsel fees in the Greenville County suit. The defendants had no part in fixing the amount of such fees and are not concluded by any agreement between the company and its counsel as to such amount. They should be required to pay only such amount as would be reasonable under the facts of that case, and the fixing of such amount would be for the jury, which might decide that $500 was reasonable or that it was excessive. The case should have been given to the jury with instructions to find for the plaintiff an amount, not in excess of $500, which, under the testimony, would be, in their opinion, a reasonable fee for the plaintiff's attorneys in the Greenville County case.

The judgment is reversed, and the case remanded to the lower Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.