Fisher *v.* The Travelers Indemnity Co.

5-3752                                              398 S. W. 2d 892

Opinion delivered February 14, 1966

*Griffin Smith,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

Frank Holt, Justice. The issue presented in this case is whether appellee breached a duty to defend its insured, the appellant, in a tort action. Appellant was sued by Kenneth Skelton who alleged that the appellant, his employer, had used more force than was necessary in ejecting him from appellant's place of business when he went there to discuss employment conditions. The appellant called upon the appellee insurance company to

defend him according to the terms of its policy. The appellee declined to defend the action upon the basis that Skelton's complaint was predicated upon an alleged assault and battery by the insured and, therefore, was not within the coverage of the policy. The appellant then provided his own defense. Skelton's action resulted in a verdict and judgment against appellant for $500.00 compensatory damages and $2,500.00 punitive damages. Thereupon appellant instituted the present action seeking reimbursement for the total amount of this judgment and the expense of defending the action. The cause was submitted upon stipulation with exhibits. The trial court dismissed appellant's complaint and it is from that judgment this appeal arises.

For reversal appellant contends: "The original complaint in *Skelton* v. *Fisher* alleges negligence as a basis for recovery. * * * The fact that it alleged an additional ground, assault, did not relieve the insurer of the duty to defend, as both grounds were ultimately submitted to the jury."

It is well settled that the allegations in a complaint, whether groundless or false, determine the obligation of the insurer to defend its insured within the coverage of the policy. *Equity Mutual Insurance Co.* v. *Southern Ice Co.*, 232 Ark. 41, 334 S. W. 2d 688. See, also, 29A Am. Jur., Insurance, § 1452 and 7 Am. Jur. 2d, Automobile Insurance, § 162. Skelton's complaint in pertinent part reads: "* * * the plaintiff was assaulted and badly beaten by the above named defendant Lewis Fisher [appellant] entirely without cause of provocation. * * * the defendant Lewis Fisher at the above named date and place willfully, wrongfully and unlawfully attacked this plaintiff and so badly beat him about the head, face, neck, shoulders and body that the plaintiff was forced to be hospitalized and forced to expend large sums for medical and hospital attention because of the severity of the injuries which he suffered as the result of this beating"; that appellant "did willfully, unlaw-

fully, and negligently injure the plaintiff * * * that as a result of these unlawful, illegal, and wrongful acts" plaintiff suffered damages to the extent of $25,000.00; further, "that the acts of the defendant [appellant] above described were wanton, willful, deliberate and malicious" and entitled plaintiff to punitive damages in the amount of $25,000.00.

It is appellee's contention that these allegations do not present a claim for injuries within the meaning of the policy. The policy provided coverage for injuries "caused by accident" and, further, provided that an "assault and battery shall be deemed an accident unless committed by or at the direction of the insured." We must agree with appellee's contention. There is no coverage under the terms of this policy for the alleged intentional and wrongful acts committed by appellant. *Thomas* v. *American Universal Ins. Co.*, 93 A. 2d 309 (R. I. 1952); *McCarthy* v. *Motor Vehicle Accident Indemnity Corp.*, 224 N.Y.S. 2d 909, 16 A. D. 2d 35; *Anton* v. *The Fidelity & Casualty Company of N. Y.*, 91 A. 2d 697 (Vt. 1952); *Wendell* v. *Union Mutual Fire Ins. Co.*, 187 A. 2d 331 (Vt. 1963); *Harbin* v. *Assurance Company of America*, 308 F. 2d 748 (10th Cir. 1962). To hold otherwise would be contrary to the plain provisions of the policy and result in appellant escaping the consequences of his alleged intentional wrongdoing.

The appellant forcefully and ably argues that since the word "negligently" appears in the complaint, the insurer was obligated to defend him in the tort action. In *Messersmith* v. *American Fidelity Co.*, 133 N. E. 432 (N. Y. 1921), Justice Cardozo aptly said: "The character of the liability is not to be determined by analyzing the constituent acts, which, in combination, make up the transaction, and viewing them distributively. It is determined by the quality and purpose of the transaction as a whole." See, also, 7A Appleman, Insurance Law & Practice, § 4683, p. 441. It is evident that the nature of this tort action was not changed by the use of the word "negligently" one time. From an examination of the

complaint and the "quality and purpose of the transaction as a whole" it is obvious that Skelton was not seeking damages for injuries to himself caused by an accident or negligence. He was seeking both compensatory and punitive damages for an alleged willful and intentional act committed upon him by the insured. A specific and unambiguous provision of the insurance policy provides that if injuries result from an assault and battery "committed by or at the direction of the insured" the insurance company is relieved of any duty to defend the insured.

Appellant relies upon our decision in *Jefferson* v. *Nero*, 225 Ark. 302, 280 S. W. 2d 884, to sustain his position that appellee was under a duty to defend the tort action against him. We do not consider that case to be analogous to the issue presented in the case at bar. The trial court was correct in dismissing appellant's complaint.

Affirmed.