Crystal K. D. HUIE, Guardian of the
Estate of George D. D. Huie,
Incompetent,

v.

The PHOENIX INSURANCE COM-
PANY, Appellee,

Joseph Eugene Prouse, Sr., Michael Allen
Armbrust and Allen Armbrust,
Appellants.

No. 19438.

United States Court of Appeals
Eighth Circuit.

July 24, 1969.

Rehearing Denied Aug. 22, 1969.

Gail O. Matthews, of Terral, Rawl-ings, Matthews & Purtle, Little Rock, Ark., for appellants and filed brief; The firm of Howell, Price & Worsham, Little Rock, Ark., was on the brief with Gail O. Matthews.

Robert S. Lindsey, of Wright, Lindsey & Jennings, Little Rock, Ark., for appellee and filed brief.

Before VAN OOSTERHOUT, Chief Judge and MATTHES and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by Joseph Eugene Prouse, Sr., Michael Allen Armbrust and Allen Armbrust from final judgment of the District Court determining that no coverage exists upon a policy issued by defendant, The Phoenix Insurance Company, to George D. D. Huie on an apartment building owned by him located at 422 West Fourth Street, North Little Rock, with respect to injuries suffered by appellants Joseph Eugene Prouse, Sr., Michael Allen Armbrust and Allen Armbrust as a result of injuries sustained by reasons of shots fired at them by Mr. Huie while they were at Mr. Huie's combination home and grocery at 1400 Pine Street, North Little Rock, on June 30, 1966. Mr. Huie has since such incident been adjudged incompetent and is represented in this litigation by his guardian.

This action was commenced by the guardian for a declaratory judgment determining that the injuries sustained by appellants were covered by the provisions of a policy of insurance issued Huie by the defendant. Upon motion of defendant, the appellants were brought

in as parties and pursuant to leave granted by the court, they have filed counterclaims asserting that Allen Armbrust as father and next friend of Michael Allen Armbrust, a minor, had recovered a judgment for $572,000.00 and Prouse had recovered a judgment for $35,000.00 against Huie's guardian in the Circuit Court of Pulaski County, Arkansas, based upon injuries sustained as a result of the shots fired by Huie, and asserting that such injuries were within the policy coverage to the extent of $50,000.00 personal liability insurance provision of the policy and asking judgment for such amount with interest, attorneys' fees, costs and penalties. Responsive pleadings were filed and the case was tried as an action on the insurance policy. Jurisdiction based on diversity of citizenship and the requisite amount is established. The case was tried to the court without a jury on a stipulation and agreed statement of facts.

It is undisputed that defendant's policy here involved on the apartment was in full force at the time the injuries were sustained. The controversy relates to coverage. By Coverage E, $50,000.00 in insurance is provided for liability for bodily injuries. The pertinent policy provisions are:

"I Coverage E—Liability for Bodily Injury and Property Damage, Including the Products, Alterations, New Construction, and Elevator Hazards. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the premises designated in the declarations, or operations necessary or incidental thereto.

\* \* \* \* \* \*

"9. Assault and Battery—Coverages E and F. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The policy covered Huie's apartment building.

Huie shot Prouse and Armbrust at his combination store and living quarters which were not covered by the policy and were at a location separate and distinct from the apartment. Just prior to the shooting, the injured parties were doing extensive repair work for Huie at his store. They had done a small job for Huie at the insured apartment and at Huie's initiative a bill of $42.00 for such work was paid. There is no controversy as to the amount of the bill.

The trial court dismissed all claims for relief sought by Prouse, Armbrust and Huie. In an accompanying memorandum opinion, not reported, the dismissal is based on lack of coverage for two reasons, to wit:

1. "There does not seem to be any real proximate causal connection between the injuries and the ownership, maintenance or use of the property involved or operations necessary or incidental thereto, and it follows that there is no substantial evidence to show that the payment of the bill for repairs on the apartment was the incident causing the shooting and resulting injuries.

\* \* \* \* \* \*

2. "Huie did inflict the injuries, and the stipulation filed herein indicates that the Circuit Court action was based upon 'only the theory of assault and battery or battery' (statement of counsel at the beginning of the Circuit Court trial).

"Therefore the damages which Huie is legally obligated to pay arose because he was liable for the tort of assault and battery. Injuries for assault and battery by the insured do not come within policy coverage."

The appellants contend that the court erred in each of the foregoing determinations. For a reversal, appellants must establish that the trial court was wrong

on both of the reasons it assigned for noncoverage.

■ We hold that the injuries sustained by Prouse and Armbrust resulted from an assault and battery committed upon them by Huie, the named insured, and that coverage therefore is excluded by the terms of the insurance policy.

The identical policy provisions with respect to accident were before the Arkansas Supreme Court in Fisher v. Travelers Indem. Co., 240 Ark. 273, 398 S.W.2d 892. In that case, plaintiff, an employee of the insured, claimed the insured injured him by using unnecessary force to eject him from the premises. The Court determined an assault and battery had been committed by the insured and denied coverage, stating:

"The policy provided coverage for injuries 'caused by accident' and, further, provided that an 'assault and battery shall be deemed an accident unless committed by or at the direction of the insured.' We must agree with appellee's contention. There is no coverage under the terms of this policy for the alleged intentional and wrongful acts committed by appellant." 398 S.W.2d 892, 893.

Later the Court states:

"A specific and unambiguous provision of the insurance policy provides that if injuries result from an assault and battery 'committed by or at the direction of the insured' the insurance company is relieved of any duty to defend the insured." 398 S.W.2d 892, 894.

Appellants argue that Fisher is not controlling here as the Court in that case emphasizes that the injuries are described as intentional. Appellants point out that Huie's action could not be intentional because he lacked mental capacity to have a wrongful intent. It is undisputed in this respect that the policy before us does not contain the intentional act exclusion provision contained in many policies. See Annot. 2 A.L.R.3d 1238.

The present policy excludes coverage for assault and battery committed by the insured. Hence, it is not necessary to determine whether absent the exclusion, assault and battery would constitute an accident. In an annotation, assault as an "accident", 33 A.L.R.2d 1027, 1031, it is stated:

"Another factor affecting the determination whether an assault constitutes an 'accident' is a clause which appears in some policies, and provides that an assault will be considered an accident 'unless committed by or at the direction of the insured.' Where such clause is present, the status of the person committing the assault apparently affects the determination, so that if such person seems to be acting for or as the insured the courts generally apply the exclusion and hold the assault not to be an 'accident.'"

Appellants urge that Huie by reason of insanity could have no intent to commit assault and battery. While intent is a necessary element of a criminal assault and battery, a split of authorities exists on whether intent is an essential element of civil assault and battery. See 6 Am. Jur.2d, Assault and Battery § 117 and cases there cited. Although the Arkansas court has made the broad statement in criminal assault and battery cases that intent is an essential element of assault and battery, Cox v. State, 99 Ark. 90, 136 S.W. 989; Hunt v. State, 114 Ark. 239, 169 S.W. 773, L.R.A.1915B, 131, we find no square holding by the Arkansas court on whether intent is an essential element of civil assault and battery. We note that Judge Young, the able and experienced judge who tried the case, states in this respect: "It is true that, lacking intent by reason of insanity, he would not have been criminally liable— but this did not absolve him of civil liability."

Under the peculiar circumstances of this case and because of our holding on the res judicata issue hereinafter discussed, we find it unnecessary to determine whether intent is an essential ele-

ment of a civil action for assault and battery.

The stipulated record shows that in the state court action brought by Prouse and Armbrust against Huie in which the judgments here involved were recovered, the following record was made prior to the commencement of the trial:

"Mr. Price [An attorney for Armbrust and Prouse]: May it please the Court. The plaintiffs Joseph Prouse, Sr., and Allen Armbrust, father and next friend of Michael Allen Armbrust, wish to inform the court at this time we will pursue only the theory of assault and battery or battery in this case and will not offer any instructions nor will we try our case on the theory of negligence. And, I will call upon counsel for the defendant in both these cases at this time to state to the court that the issues are joined and you are ready to proceed to trial.

"Mr. Walther [An attorney for Huie]: The issues are joined and we are ready to proceed to trial.

"Mr. Price: This statement was made pursuant to an inquiry made prior to trial.

"Mr. Scott [An attorney for Huie]: We were uncertain as to what pleadings were indicated and we wanted to know prior to trial just what your theory was so we could cross-examine and defend."

From such record, it is clear that the plaintiffs in such action predicated liability on the part of Huie only upon assault and battery and hence it necessarily follows that the judgments were based solely on liability by reason of assault and battery.

Each of the plaintiffs had only one cause of action flowing from the shooting and all parties to the action are bound by the judgment entered.

In Towle v. Boeing Airplane Co., 8 Cir., 364 F.2d 590, we held that a litigant could not split his cause of action and have a second trial to attempt to recover upon a different theory for the same violation of his rights. We also said:

"The law of res judicata/claim preclusion is well established. Whenever a court having jurisdiction has rendered a final judgment upon the merits of a cause of action, that judgment is binding upon the parties and their privies not only as to every matter that was litigated but also to every matter which could have been litigated. In event of subsequent litigation upon the same cause of action, the parties and their privies are precluded from receiving relief." 364 F.2d 590, 592.

It does not appear from the stipulated record whether the insanity defense was raised in the state court proceedings. Such defense could have been there raised. The parties to the prior litigation are precluded by the judgments entered in that case from now claiming that the judgments obtained were not based upon liability incurred by reason of assault and battery.

█ The extent of coverage of an insurance policy is to be determined from the provisions of the policy. The general rule is that liability of an insurance company to defend is governed by the allegations in the complaint against the insured. Stout v. Grain Dealers Mut. Ins. Co., 4 Cir., 307 F.2d 521, 524.

Thus since it is conclusively established that Huie's liability to the injured parties is based upon civil assault and battery and since the policy expressly excludes liability for assault and battery committed by the insured, the trial court properly determined, "Injuries for assault and battery by the insured do not come within policy coverage." Since the foregoing determination is dispositive of this appeal, we find it unnecessary to consider other issues raised by the appellants.

Affirmed.