LAYMON BUCK *v.* MONSANTO COMPANY
AND MATHEWS OIL COMPANY

73-40                                    497 S.W. 2d 664

Opinion delivered July 2, 1973
[Rehearing denied August 27, 1973.]

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Davis, Plegge & Lowe,* for appellees.

FRANK HOLT, Justice. The narrow issue before us on this appeal involves the construction of an indemnity provision of a lease agreement. This is the basis for the judgment rendered against appellant Buck, who operated a service station as a sublessee. Originally the service station was leased from appellee Monsanto by appellee Mathews. Mathews then subleased to Buck. Both lease agreements contained similar indemnity clauses. The pertinent part of the agreement between Mathews and Buck· provided:

> "Lessee agrees to protect, indemnify and ,save lessor harmless from any and all liability for loss, damage, injury or other casualty to persons or property caused or occasioned by any leakage, fire or explosion of gasoline and kerosene or other products stored in any tanks or drawn through any pumps located at or on the above described premises whether due to imperfections in the equipment or any· part thereof, latent or patent, or whether the same may arise from negligence or otherwise, or from any and all liability

arising from any other cause arising out of the use, occupancy, or possession of said premises by Lessee."

During the term of Buck's sublease, his employee was injured by a gasoline fire ultimately found by the jury to have been the result of a customer's negligence in lighting a match while his tank was being filled at the service station by Buck's employee. The injured employee sought damages from the customer and his employer. By various cross-complaints, Monsanto, Mathews and Buck were made parties to the action. Monsanto and Mathews each retained counsel to defend themselves against the alleged affirmative acts of negligence on their part after both companies, invoking the indemnity provisions, tendered their defense to Buck who failed and refused to defend on their behalf. Before trial Buck filed a demurrer which was sustained as to his tort liability on the ground that he had made Workmen's Compensation payments to his injured employee. The question of indemnity was reserved with the right to plead further. At trial a non-suit was taken against Mathews. Monsanto was exonerated of any negligence by the jury. Thereupon Mathews filed a cross-complaint against Buck for reimbursement of its costs under the indemnity provisions of the lease then in effect between the parties. Likewise, Monsanto petitioned for its costs of defense against Mathews under its existing lease indemnifying provision.

The trial court entered judgment as follows: (1) Monsanto was given judgment against Mathews for its costs of defense being in the amount of $5,916.67 and (2) Mathews was given judgment against Buck for its costs of defense, being in the amount of $3,280.96, and additionally for the $5,916.67 Mathews was required to reimburse Monsanto. From that judgment comes this appeal.

Inasmuch as there is no judgment in favor of Monsanto against Buck and Mathews has not cross-appealed from Monsanto's judgment against Mathews, it follows that Monsanto correctly contends that it is not a proper party to this appeal.

It is appellant's contention that the indemnity clause does not purport to provide indemnification to appellee

Mathews (nor Monsanto) for their alleged independent acts of negligence or for the costs of defending such an action where such separate and distinct acts of negligence are alleged as the basis for the suit. Appellant's only argument is that the party upon which a demand is made has the right to determine its contractual responsibilities by the allegations made in the complaint as in contracts of insurance citing *Equity Mutual Ins. Co.* v. *Southern Ice Co.*, 232 Ark. 41, 334 S.W. 2d 688 (1960) and *Fisher* v. *Travelers Indemnity Co.*, 240 Ark. 273, 398 S.W. 2d 892 (1966).

Mathews relies, however, and correctly so, upon our recent holding in *Pickens-Bond Const. Co.* v. *NLR Elec. Co.*, 249 Ark. 389, 459 S.W. 2d 549 (1970). There we considered a contract of indemnity and held that an indemnity clause, general in scope as is the case at bar, "would cover any situation where the damage or injury is not due to the" indemnitee's "sole active negligence." In the instant case, a non-suit was taken as to Mathews by the original defendants. Also, Mathews was granted a directed verdict on Monsanto's cross-complaint for contribution. Monsanto was exonerated by the jury. Certainly, there was no finding that the alleged personal injuries were caused by Mathews' (or Monsanto's) "sole active negligence" which is required to sustain appellant's contention.

Affirmed.