OPINION
JAMES, Justice.
This is a case wherein Appellee Tom Keefer, Administrator of the Estate of Caroline Casey, deceased brought suit against Appellants G. K. Hester and Rosa Keefer for cancellation of certain instruments executed by deceased, and for the recovery of certain funds alleged to belong to the deceased’s estate. Based upon a jury verdict favorable to Appellee Administrator, the trial court entered its judgment in favor of Appellee, from which Appellants prosecute this appeal. We have determined that this court lacks jurisdiction for the reason that the appeal bond was not timely filed, and hence dismissed the appeal.
All pertinent dates concerning the appellate steps herein referred to occurred during the year 1973. The following is a re-sumé of the sequence of events considered by us in our determination of the question of jurisdiction:
Date of entry of Judgment: February 2.
Motion for New Trial filed: February 9.
Order overruling Motion for new trial entered: April 6.
Appeal Bond filed: April 30.
The Motion for New Trial was overruled by operation of law forty-five days after February 9, the date of its filing. The forty-fifth day was Monday, March 26. Rule 329b, Texas Rules of Civil Procedure. Therefore, since the motion for new trial had been overruled by operation of law after March 26, the trial court’s order of April 6 overruling said motion was a nullity.
The Appellants had thirty days from Monday, March 26 in which to file their appeal bond, the thirtieth day being Wednesday, April 25. Since the appeal bond was filed April 30, it was five days late. Rule 356, Texas Rules of Civil Procedure. The thirty day period of time in which the appeal bond must be filed, which commences with the date of the overruling of the motion for new trial, is mandatory and jurisdictional. See Glidden Company v. Aetna Casualty and Surety Company (1956), 155 Tex. 591, 291 S.W.2d 315; Texas Employers Insurance Assn. v. Martin (1961), 162 Tex. 376, 347 S.W.2d 916; Lucchese v. Specia (San Antonio, Tex.Civ. App.1955), 281 S.W.2d 725, writ refused; Flowers v. Muse (San Antonio, Tex,.Civ. App.1968), 427 S.W.2d 727, writ refused; Bellmead State Bank v. Campbell (Waco, Tex.Civ.App.1964), 386 S.W.2d 205, no writ history; Azopardi v. Hollebeke (Waco, Tex.Civ.App.1968), 428 S.W.2d 167, no writ history.
In the case at bar, the trial court on February 13, entered an order setting a hearing on the Motion for New Trial for one o’clock P.M. on March 2; however, the record reflects that no action was taken on the Motion until April 6, when the order was entered overruling the motion for new trial.
In the light of the foregoing, this court is without jurisdiction, and the appeal is accordingly dismissed.
Appeal dismissed.