## Laymon BUCK *v.* MATHEWS OIL COMPANY, INC.

74-272 520 S.W. 2d 194

Opinion delivered March 3, 1975

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellant.

*Plegge, Lowe & Whitmore,* for appellee.

LYLE BROWN, Justice. This appeal is a sequel to our recent case of *Buck* v. *Monsanto Co. & Mathews Oil Co.,* 254 Ark. 821, 497 S.W. 2d 644 (1973). The sole question presented on this appeal is whether appellant is obligated under a contractual indemnity agreement with appellee, Mathews Oil Company, to reimburse the latter for attorney's fees and expenses incurred on appeal in *Buck* v. *Monsanto, et al,* supra.

The basic facts giving rise to this appeal are succinctly set forth in the court's prior opinion. Appellee Mathews leased a service station in Arkadelphia from Monsanto Company. Mathews in turn subleased this station to appellant Laymon Buck. Both the lease and sublease contained contractual indemnity agreements whereby the lessee agreed to indemnify the lessors for any amounts they might be required to pay on account of legal liability incurred by them in the operation of the filling station.

An employee of appellant filed suit for personal injuries suffered while working on the filling station premises. Mathews and Buck were eventually joined as defendants. Both parties successfully defended the actions brought against them. Monsanto then filed a petition asking for reimbursement of its defense costs from Mathews under the contractual indemnity agreement. Mathews then cross-petitioned against appellant asking for its own costs of defense as well as reimbursement for any amounts it was required to pay Monsanto. The trial court granted both petitions and this court affirmed. That judgment has been satisfied and is not an issue on this appeal.

It is important to note that in *Buck* v. *Monsanto, et al.,*

supra, Buck failed and refused to defend Monsanto and Mathews. We held in that circumstance Buck was bound to reimburse Monsanto and Mathews for their costs of defense.

We reiterate our holding in *Buck* v. *Monsanto, et al.,* supra, to the effect that since Buck declined to defend he was obligated to reimburse Monsanto and Mathews for their costs of defense at the trial level; however, we hold that the case presently before us is an effort to recover costs and attorney's fees expended in enforcing the indemnity agreement. From an examination of the indemnity agreement we find no authority for the taxing of such costs. The key wording of that agreement is as follows:

> Lessee agrees to protect, indemnify and save lessor harmless from any and all liability for loss, damage, injury or casualty to persons or property caused or occasioned by any leakage, fire or explosion of gasoline and kerosene or other products stored in any tanks or drawn through any pumps located at or on the above described premises whether due to imperfections in the equipment or any part thereof, latent or patent, and whether the same may arise from negligence or otherwise or from any and all liability arising from any other cause arising out of the use, occupancy, or possession of said premises by lessee.

A reading of the indemnity agreement clearly shows that there is no provision for attorney's fees if the agreement is breached by one of the parties and the other is forced to file suit to enforce the contract. The indemnity clause specifically limits the liability incurred by Mathews "arising out of the use, occupancy or possession of said premises by lessee". The legal expenses incurred by Mathews in enforcing the agreement, on the other hand, arose out of a breach of contract by Buck in failing to voluntarily pay these expenses. As such, these expenses are not included in the indemnity agreement. In *Olmstead* v. *Rosedale Building & Supply*, 229 Ark. 61, 313 S.W. 2d 235 (1958) we said: "Appellants' other contention is that they were entitled to damages of $1,600 for attorney fees and other costs incurred in litigating the first suit. In the first place, there is no provision under our statutes and decisions

to allow attorney fees and miscellaneous expenses as elements of damge in an action for breach of contract. [Citing cases]. Even if such items were recoverable, the right to them could and should have been asserted in the prior suit under the principles already announced."

For cases from other jurisdictions supporting our position, see *General Electric Co.* v. *Mason & Dixon Lines, Inc.*, 186 F. Supp. 761 (D.C. Va. 1960); *Foley Co.* v. *Employers-Commercial Union*, 488 P. 2d 987 (Ariz. App. 1971); *Swiss Credit Bank* v. *International Bank, Ltd.*, 200 N.Y.S. 2d 828 (1960); and *Grossblatt* v. *Kleinerman*, 160 N.Y.S. 2d 80 (1956).

Reversed and Dismissed.