UNITED STATES FIDELITY AND
GUARANTY COMPANY *v.* Monroe LOVE

75-281                                    538 S.W. 2d 558

Opinion delivered July 19, 1976

*Bridges, Young, Matthews & Davis,* for appellant.

*Lee A. Munson,* Prosecuting Atty., 6th Judicial Circuit,
by: *John Wesley Hall Jr.,* Dep. Prosecuting Atty., Civil Litigation Division.

JAMES A. ROSS, JR., Special Chief Justice. This case involves an action by appellant, United States Fidelity and Guaranty Company, to recover attorney's fees from appellee, Sheriff Monroe Love, under the terms of an indemnity agreement. Monroe Love, while serving as Sheriff of Pulaski County, was required by Arkansas Statute Annotated § 12-1101 (1968 Repl.) to execute a bond to the State of Arkansas. In December of 1970 Sheriff Love applied to U.S.F. & G. to act as surety for this bond and he executed an application form prepared by U.S.F. & G. containing an indemnity agreement "to indemnify the Company against any loss, damage and expense of any kind incurred by it by reason of the execution of any such bond."

Later, a civil rights action was filed in federal district court against Sheriff Love and U.S.F. & G. (as surety on the bond) seeking damages alleged to have been caused by one of the sheriff's deputies. The Prosecuting Attorney for the Sixth Judicial District defended Sheriff Love, but he declined to defend U.S.F. & G. on the grounds that a prosecuting attorney could not represent a private entity. Separate counsel was retained by U.S.F. & G.

Judgment was entered against Sheriff Love in the federal action, and he paid the judgment in full. Then, U.S.F. &G. instituted this action to recover the sum of $1,962.50 which it paid to its defense attorney. Both Sheriff Love and U.S.F. & G. filed motions for summary judgment and the Circuit Court granted the motion of Sheriff Love. This order is appealed by U.S.F. & G.

The issue before the Court is an interpretation of the language of the indemnity agreement to determine if this includes attorneys' fees actually expended for the defense of U.S.F. & G. in the federal civil rights action.

This case is distinguishable from *Title Guaranty & Surety Co.* v. *Burke,* 134 Ark. 499, 204 S.W. 215 (1918), because the language involved in the U.S.F. & G. indemnity agreement is broader and more inclusive than the language of the indemnity agreement in the *Burke* case. The case of *Fausett Builders, Inc.* v. *Globe Indemnity Co.,* 220 Ark. 301, 247 S.W. 2d 469 (1952), is not controlling here because that case involved a

contract of suretyship and not an indemnity contract.

In a recent case, attorneys' fees were recovered under the terms of an indemnity agreement in which such fees were not specified. *Buck* v. *Monsanto Co. et al*, 254 Ark. 821, 497 S.W. 2d 664 (1973). However, the issue of inclusion of attorneys' fees within the language of that indemnity provision was not raised before the Court.

This Court has given broad construction to language similar to the indemnity provision here by holding such language includes interest on the principal sum from the date it was paid by the indemnitee in its capacity as surety on a bond. *Kincade* v. *C. & L. Rural Electric Coop. Corp.*, 227 Ark. 321, 299 S.W. 2d 67 (1957). Finding no Arkansas cases directly in point on the issue of attorneys' fees, the Court looks to the decisions of other jurisdictions.

This Court adopts the general rule that this indemnity apreement does include attorneys' fees. *B. & G. Electric Co.* v. *G. E. Bass & Co.*, 252 F. 2d 698 (5th Cir. 1958); *Fidelity & Casualty Co. of New York* v. *Mauney*, 273 Ky. 400, 116 S.W. 2d 960 (1938); 11 APPLEMAN, Insurance Law and Practice, § 6677; 41 AM. JUR. 2d, *Indemnity*, § 36; 42 C.J.S., *Indemnity*, § 13.

A number of cases are cited by Sheriff Love from other jurisdictions denying recovery of attorneys' fees under an indemnity agreement. However, as U.S.F. & G. points out, most of these cases involve attorneys' fees expended by the indemnitee in an action on the indemnity agreement against the indemnitor. Such fees are not recoverable and are not being allowed in this case. Other cases cited bv Sheriff Love represent the minority rule. 11 APPLEMAN, Insurance Law and Practice, *supra*.

To be recoverable by the indemnitee, the attorneys' fees must be reasonable, proper, necessary and incurred in good faith and with due diligence. *Fidelity & Casualty Co. of New York* v. *Mauney, supra; U.S.F. & G.* v. *Garrett*, 156 S.C. 132, 152 S.W. 772 (1930); 11 APPLEMAN, Insurance Law and Practice, *supra*. These are factual questions to be determined by the trier of fact, and when properly placed in dispute are not matters to be disposed of on motion for summary judg-

ment. Sheriff Love does, by sworn answers to interrogatories, place in issue the question of reasonableness of the fees paid. Accordingly, this case is reversed and remanded to the trial court for a determination of the reasonableness of the attorneys' fees.

Special Justices JAMES E. WEST and LEE TUCKER join in this opinion.

JONES, J., dissents.

HARRIS, C.J., and FOGLEMAN and ROY, JJ., not participating.

J. FRED JONES, Justice. I do not agree with the majority opinion in this case. I agree with the majority that the sheriff was required by statute to enter into bond to the State of Arkansas with good and sufficient security condition that he would well, truly and faithfully discharge and perform his duties as sheriff; and, I agree that in his application for bond Sheriff Love agreed to pay the premium in advance and "to indemnify the company against any loss, damage and expense of any kind incurred by it by reason of the execution of any such bond."

I also agree that to be recoverable by the indemnitee as a proper item of expense attorney's fees must be reasonable, proper, necessary and incurred in good faith and with due diligence; but, I do not agree with the majority that the attorney's fees expended by United States Fidelity and Guaranty Company in this case were necessary at all.

It is my view that this was a proper case for summary judgment but in my opinion the summary judgment should have been rendered in favor of Sheriff Love. If Sheriff Love was liable for the acts of his deputy in the civil rights action in federal court, then his bonding company was, in my opinion, automatically liable because its liability to the state, for the use and benefit of Pulaski County, was secondary to the liability of Sheriff Love and depended wholly and entirely on the liability of Sheriff Love. If Sheriff Love was liable, so was his bonding company and it had no separate defense under the record in this case. If Sheriff Love was not liable, neither

was his bonding company. Sheriff Love's defense was the defense of his bonding company.

It is my view that United States Fidelity and Guaranty Company had no separate defense requiring the services of its own separate attorney at the expense of Sheriff Love. I would reverse and dismiss.