Monroe LOVE *v.* UNITED STATES FIDELITY
AND GUARANTY COMPANY

77-166                                        568 S.W. 2d 746

Opinion delivered July 10, 1978
(In Banc)

*Lee A. Munson*, Pros. Atty., by: *John Wesley Hall, Jr.*, Dep. Pros. Atty., for appellant.

*Bridges, Young, Matthews & Davis*, for appellee.

LEROY AUTREY, Special Justice. This is the second time that this matter has come before the Supreme Court of Arkansas. On July 19, 1976, in *United States Fidelity and Guaranty Company* v. *Monroe Love*, 260 Ark. 374, 538 S.W. 2d 558-559 (1976), this Court held that the agreement of Pulaski County Sheriff Monroe Love to indemnify the surety, United States Fidelity and Guaranty Company, against any loss, damage or expense of any kind incurred by reason of the execution of the Sheriff's statutory bond included attorneys' fees expended by the surety in defending a civil rights action against the Sheriff, one of the Sheriff's deputies and the surety in the United States District Court for the Eastern District of Arkansas. In reversing and remanding the case to the trial court, this Court stated:

> "To be recoverable by the indemnitee, the attorneys' fees must be reasonable, proper, necessary and incurred in good faith and with due diligence. ... These are fac-

tual questions to be determined by the trier of fact, and when properly placed in dispute are not matters to be disposed of on motion for summary judgment. Sheriff Love does, by sworn answers to interrogatories, place in issue the question of reasonableness of the fees paid. Accordingly, this case is reversed and remanded to the trial court for a determination of the reasonableness of the attorneys' fees."

At the hearing before the trial court on remand, Love took the position that under the mandate of this Court, he was entitled to "litigate the question of reasonableness, propriety and necessity, good faith and due diligence in the assessment of costs by USF&G in the conduct of their own defense. . . ". USF&G objected to the position taken by Love and the trial court ordered "that the only issue before the court today is the reasonableness of the attorneys' fees". At the conclusion of the hearing on February 11, 1977, the trial court entered judgment for USF&G against Love in the amount of $1,962.50 plus costs and interest at the rate of six percent (6%) per annum from date until paid. The sum of $1,962.50 represented the full amount of the attorneys' fees paid by USF&G and this attorneys' fee was based on 55.30 hours of time expended by the defense attorney billed at the rate of $35.00 per hour, plus the court reporter's costs. There is no indication in the judgment of the trial court or in the record of the proceedings before trial court that any consideration was given to any factors other than the actual hours of time expended by the defense attorneys and the reasonableness of the hourly rate, plus the court reporter's costs, in the trial court's determination of the "reasonableness of the attorneys' fees".

In *Robinson v. Champion,* 475 S.W. 2d 677, 678, 251 Ark. 817 (1972), this Court held:

"Among the pertinent considerations in determining the reasonableness of attorney's fees are: the attorney's judgment, learning, ability, skill, experience, professional standing and advice, . . . the relationship between the parties, . . . the amount or importance of the subject matter of the case, . . . ; the nature, extent and difficulty of services in research, collection, estima-

tion and mental array of evidence and anticipation of defenses and means of meeting them, and considering the case, receiving confidential information and giving confidential advice before any pleadings are filed or other visible step is taken, . . . the preparation of pleadings, . . . ; the proceedings actually taken and the nature and extent of the litigation, . . . ; the time and labor devoted to the client's cause, . . . ; the difficulties presented in the course of the litigation, . . . ; the results obtained, . . . and many other facts beside the time visibly employed . . . "

The factors to be considered as guides in determining the reasonableness of an attorneys' fee are set forth in the Code of Professional Responsibility of the American Bar Association adopted by per curiam order of Court as the rule in this state after the Code had been promulgated and adopted by the American Bar Association under the chairmanship of the late Edward L. Wright, a leader at the bar of this State for many years, who served as a president of the American Bar Association. These considerations as set forth in Disciplinary Rule 2-106 as follows:

". . . Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

In the recent case of *Waters* v. *Wisconsin Steelworks*, 502 F. 2d 1309, 1319 (C.A. 7, 1974), the Seventh Circuit U.S. Court of Appeals cited and quoted from the above provisions of Disciplinary Rule 2-106 in reversing the U.S. District Court's award of attorneys' fees to Plaintiff's counsel pursuant to Section 706(k) of Title VII, 42 U.S.C. § 2000(e)-5(k), with the comment that the trial court's award of attorneys' fees "was so lacking in analysis that it constituted an abuse of discretion." The court went on to say:

"In fashioning a method of analysis to assist in determining the amount of attorney fees properly to be awarded in a Title VII action, we cannot subscribe to the view that attorney fees are to be determined solely on the basis of a formula applying 'hours spent times billing rate.' We recognize however that such a factor is a consideration in making the ultimate award and indeed it is a convenient starting point from which adjustments can be made for various other elements. Other elements to be considered are set out in the Code of Professional Responsibility as adopted by the American Bar Association: . . . "

While an important element to be considered in determining the reasonable value of an attorney's services is the time spent in the performance of such service, it has frequently been held that time spent in doing professional work is not a controlling factor in assessing the value of such services. Time spent by an attorney is sometimes of minor importance in determining the reasonable value of his services since an experienced or skillful attorney might accomplish in a very short time what another attorney would require a much longer time to accomplish. See *Trimble* v. *Kansas City S&GR Co.*, 201 Mo. 372, 100 S.W. 7, 7 Am. Jur. 2d, Attorney's at Law, § 238, at Page 184.

In *Weeks* v. *Southern Bell Telephone & Telegraph Company,* 467 F. 2d 95, 97 (C.A. 5, 1972), the Fifth Circuit U.S. Court of Appeals affirmed the award of a $15,000.00 attorney's fee by Judge Griffin B. Bell, now United States Attorney General, but then a judge of the U.S. Court of Appeals for the Fifth Circuit who was assigned to hear the matter on the district court level. In affirming Judge Bell's award of attorney's fees against the claim that Judge Bell had not awarded a fee of a sufficient amount in view of the hours of work claimed by the Plaintiff's attorney, the Fifth Circuit Court said:

> "Hours claimed or spent on a case is not the sole basis for determining a fee. *Electronics Capital Corp.* v. *Sheperd,* 5 Cir. 1971, 439 F. 2d 692, 693. In any event, the time factor has a 'dubious virtue . . . as a standard for legal services'; 'when hours of time become a criterion, economy of time may cease to be a virtue.' See Hornstein, Legal Therapeutics: The Salvage Factor in Counsel Fee Awards, 69 Harv. L. Rev. 658 (1956)."

The Fifth Circuit Court of Appeals then went on to explain that Judge Bell had thoroughly discussed the basis for the award of attorneys' fees, weighing the results obtained, the time expended, the testimony of experienced attorneys involved in litigation of this type, the briefs filed, efforts on remand, and the contingency of the attorney's fee award. The Court concluded by stating:

> "The question before this reviewing court is not what fee the members of this panel might have awarded sitting as a district court. The question is whether Judge Bell abused his discretion by awarding an unreasonably low fee. The majority answers firmly that Judge Bell did not abuse his discretion in making his award of $15,000.00 fees to Mrs. Roberts."

When this Court remanded this matter to the trial court for determination of the "reasonableness of the attorneys' fees" in *USF&G* v. *Love,* supra, this court's opinion and the applicable law as above set out clearly required that the trial court consider more than the hours of time expended by the defense attorney and the reasonableness of the hourly rate charged. The trial court should have permitted Love to

proceed with any evidence he may have had to present on the "question of the reasonableness, propriety and necessity, good faith and due diligence" of the attorneys' fees and should have considered such evidence along with all other evidence in determining the reasonableness of the attorneys' fees to be paid by Love.

While the trial court in the exercise of its reasonable discretion in matters of this kind might well conclude that the reasonable fee which USF&G is entitled to recover from Love amounts to the sum of $1,962.50, the trial court erred in failing to consider matters other than the hours of time expended by the defense attorneys and the reasonableness of the hourly rate charged for such time. Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion on the question of the reasonableness of the involved attorneys' fees.

Special Justice H. MURRAY CLAYCOMB concurs; Special Chief Justice E. J. BUTLER joins in the majority opinion; GEORGE ROSE SMITH and BYRD, JJ., dissent. HARRIS, C.J., and FOGLEMAN and HOLT, JJ., not participating.

H. MURRAY CLAYCOMB, Special Justice, concurring. I would concur in the opinion of the majority of the court in reversing and remanding this matter to the trial court for further proceedings consistent with the opinion, but for differing reasons.

As the majority opinion has stated, this court in its prior decision in *United States Fidelity & Guaranty Co.* v. *Monroe Love,* 260 Ark. 374, 538 S.W. 2d 558-559 (1976), held:

"To be recoverable by the indemnitee, the attorney's fees must be reasonable, proper, necessary and incurred in good faith and with due diligence. . . . These are factual questions to be determined by the trier of fact, and when properly placed in dispute are not matters to be disposed of on motion for summary judgment. Sheriff Love does, by sworn answers to interrogatories, place in issue the question of reasonableness of the fees paid. Accordingly, this case is reversed and remanded to the trial

court for a determination of the reasonableness of the attorney's fees."

When the appellant on remand in the trial court attempted to introduce evidence concerning the reasonableness, propriety, necessity, the incurrence in good faith and with due diligence of expenses by U. S. F. & G. in conduct of their own defense, the trial court ruled that the only issue before the court was the reasonableness of the attorney's fees.

The appellant brought the present appeal on the ground that the trial court erred in prohibiting Love from challenging the reasonableness, necessity, propriety and due diligence of U. S. F. & G. in incurring legal fees in its defense of the federal action under the bond. To me the central question before the court in this appeal is the meaning of the court's language quoted above from the opinion in the former appeal. The language of that opinion is susceptible of being interpreted in either of two ways. It could mean the appellant was entitled to introduce evidence, as he contends, relating to reasonableness, propriety, necessity and due diligence in incurring attorney's fees. The factor of "good faith", as will be pointed out, is no longer in issue. The latter part of the paragraph is susceptible of the interpretation that all of the factors mentioned in the preceding language could be introduced in a proper case when contentions are made properly raising these points before the court, but in this case only the question of "reasonableness" has been raised and was to be considered on remand to the trial court.

Under the rule of the law of the case, this court has held:

"It is well settled that on a second appeal the judgment on the former appeal becomes the law of the case, and is conclusive on every question of law or fact decided in the former suit, and also of those which might have been but were not presented." *Storthz* v. *Fullerton,* 185 Ark. 634, 48 S.W. 2d 560.

Since the previous opinion in this case stated that the sworn answers to interrogatories by appellant placed in issue the question of reasonableness of the fees paid, it would be in-

structive to examine the interrogatories referred to to see what contentions had been made and, to determine whether the use of the phrase "the question of reasonableness of the fees paid" was a shorthand expression including all the factors previously mentioned in the paragraph or was a determination that only the specific issue of the reasonableness of the method of calculating the fees was in issue.

The interrogatories in question are as follows:

"Interrogatory No. 4: Do you contend that the attorney's fees and expenses in the amount of $1,962.50 which were incurred by the plaintiff in defending the civil law suit described in the complaint are unreasonable?

Answer: In light of the services ostensibly performed, yes."

"Interrogatory No. 5: Do you contend that the attorney's fees and expenses in the amount of $1,962.50 which were incurred by the plaintiff in defending the civil lawsuit described in the Complaint were incurred in bad faith?

ANSWER: Based on present knowledge, no."

By the appellant's negative response to Interrogatory No. 5 he eliminated the question of good faith as a factor to be considered in determination of the attorney's fee. This was apparently acknowledged by the appellant since no reference is made to this factor in his ground for seeking reversal of the trial court's ruling.

On first reading of the response to Interrogatory No. 4, one could conclude that the question and answer raised only the matter of whether the amount of the attorney's fees was a reasonable sum considering the various elements which go into arriving at a fee for such services as is fully explored in the majority opinion. On further consideration, however, it is apparent that the *amount* of attorney's fees and expenses would be directly affected by and related not only to whether the attorney's fees are reasonable under the proper criteria,

but also, whether the attorney's fees were properly incurred, whether under the circumstances such services were necessary and whether the services rendered were performed with due diligence. The appellant's response that "In light of the services ostensibly performed . . .", he was questioning in all respects the amount of attorney's fees and expenses incurred by the plaintiff in defending the civil lawsuit, placed in contention before the court all the factual questions which the court's prior opinion stated should be decided by the trier of fact. These issues were therefore raised and it is my understanding of the prior court's opinion, in light of what was before it at that time, that the trial court should have heard such admissible evidence as was offered concerning the various factors, with the exception of good faith, as previously noted.

With the modifications herein expressed, I would concur in the majority opinion that the judgment of the trial court be reversed and the matter be remanded to the trial court. In addition to the consideration of the question of the reasonableness of the attorney's fees involved, I would allow proof of the necessity, propriety and due diligence of the appellee in incurring legal fees in its defense of the federal action under the bond.

GEORGE ROSE SMITH, Justice, dissenting. This is the second appeal in this case. Under our firmly settled rules of practice we are bound by the opinion on the first appeal, even though we may now think it to have been wrong. *Wilson* v. *Rodgers,* 256 Ark. 276, 507 S.W. 2d 508 (1974); *International Harvester Co.* v. *Burks Motors,* 252 Ark. 816, 481 S.W. 2d 351 (1972); *Farmers Cooperative Assn.* v. *Phillips,* 243 Ark. 809, 422 S.W. 2d 418 (1968).

The majority do not imply that our first opinion was wrong. Instead, they purport to be following that opinion in declaring that on remand the trial court should have permitted Love to proceed with evidence about questions of reasonableness, propriety, necessity, good faith, and due diligence with regard to the attorneys' fees. The majority, in reaching their conclusion, simply disregard the plain language of the final paragraph in our earlier opinion, which reads:

To be recoverable by the indemnitee, the attorneys' fees must be reasonable, proper, necessary, and incurred in good faith and with due diligence. [Citations omitted.] These are factual questions to be determined by the trier of fact, and when properly placed in dispute are not matters to be disposed of on motion for summary judgment. Sheriff Love does, by sworn answers to interrogatories, place in issue the question of reasonableness of the fees paid. Accordingly, this case is reversed and remanded to the trial court for a determination of the reasonableness of the attorneys' fees.

Since the above paragraph is controlling on this second appeal, it must be studied with care. When that is done, anyone who has experienced again and again the anguish of trying to write with brevity but with clarity must realize that the paragraph is admirably written. Special Chief Justice Ross, in writing the paragraph, made in logical sequence five important points, which I restate with some comment:

First: Recoverable attorneys' fees must have five characteristics. They must be reasonable, be proper, be necessary, be incurred in good faith, and be incurred with due diligence.

Second: These characteristics present factual questions to be determined by the trier of fact. Note that there are five possible questions — not, as the majority now hold, only one (that of reasonableness).

Third: These factual matters are not to be disposed of on summary judgment when properly placed in dispute. Again the reference is in the plural, not to this *matter* but to these *matters*.

Fourth: Sheriff Love does place in issue the question of reasonableness. In other words, the sheriff *does* place in issue not all five questions but the single question of reasonableness. Otherwise the word "does" has no place in the sentence.

Fifth: Accordingly, the cause is remanded for a determination of the reasonableness of the fees. Again one ques-

tion out of five is singled out for further consideration.

If we were now being presented for the first time with a broad question, whether the "reasonableness" of an attorney's fee includes such matters as its necessity, the attorney's good faith, and so on, I would have no quarrel with the majority's broad interpretation of "reasonableness." But that is not the issue. On the first appeal the question was narrowed down to exclude propriety, necessity, good faith, and due diligence. We are duty-bound to adhere to our former opinion, as the law of the case. Otherwise what is now happening becomes unavoidable: The trial court is reversed a second time for doing exactly what this court told him to do. Gilbert and Sullivan might have added that the trial judge's lot is not a happy one!