Matthew M. Levy, J.
The plaintiff brought this action, based on an indemnity agreement signed by the defendants to recover the counsel fees it alleges it was required to and did pay in connection with an undertaking on appeal filed by the plaintiff’s assignor at the request of the defendants. The plaintiff now moves under rule 104 of the Buies of Civil Practice to strike the defendants’ answers as being sham, and under rules 113 and 114 for summary judgment and partial summary judgment.
The agreement is in writing and provides that each defendant will ‘ ‘ indemnify and keep indemnified the Company and hold and save it harmless from and against any and all damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorney fees, which the Company may at any time sustain or incur by reason or in consequence of the bond or in enforcing this agreement or in procuring or attempting to procure its release from the bond; and to place the Company in funds to meet every and all such damages, loss, costs and expenses before the Company shall be required to pay the same. ’ ’
There is, in my opinion, no genuine issue raised as to the good faith of the indemnitee and the justification, in the circumstances here, for the retention of counsel or as to the adequate necessity for at least some of the professional services *1028 lie rendered. And I find that those services come generally within the ambit of the clause sued upon. But whether the defendants are obligated to pay the precise amount of counsel fees sued for here is another matter. A proper construction of the clause of indemnification requires, I think, the defendants to meet the fair expense of counsel fees reasonably incurred, and not necessarily the amount which the plaintiff unilaterally agreed to or did pay to its lawyer. The contingency fee arrangement is a factor that may be taken into account, but it is not ipso facto binding upon the defendants. The matter of amount is, therefore, an issue that should be tried in the ordinary way.
Accordingly, the motion is granted to the extent of striking the answers, granting judgment to plaintiff and setting the cause down for a hearing at Special and Trial Term, Part II, of this court, for an assessment of damages. Settle order.