■ JOSEPH SALADINO et al., Respondents, v. STUYVESANT INSURANCE COMPANY, Appellant.— In an action to recover money deposited with defendant as security for two bail bonds, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered July 6, 1971, after a nonjury trial. Judgment reversed, without costs, on the law and the facts, and new trial granted, solely on the issue of the amount of the fair and reasonable value of the services rendered in apprehending the principal on the bonds. In this action each plaintiff seeks to recover a separate sum of $2,000 deposited with the defendant surety company as security for a separate bail bond, one for $10,000 and one for $15,000, which bonds were employed to obtain the release from jail of plaintiffs' son at different times. Bail was ultimately exonerated when the principal was sentenced on April 15, 1970. Defendant seeks to offset a $4,000 fee paid to a licensed investigator to apprehend and surrender the principal to the court. Although no forfeiture had been declared by the court, defendant was justified in apprehending and surrendering the principal. At any time before forfeiture of an undertaking, a surety may surrender the principal and, for that purpose, may arrest him at any place within the State (former Code Crim. Pro., §§ 590, 591; CPL 530.80). Under the circumstances obtaining at the time, defendant had ample cause for belief that its bonds were in jeopardy. The principal had failed to appear for two scheduled court conferences; his whereabouts were unknown to defendant or his own attorney; his own attorney advised the bail bondsman that he should bring him in, as he suspected he was jumping bail; plaintiffs sold their home without notice to defendant; and defendant had information that they had left the State permanently. We agree with the finding by Trial Term, however, that the precipitous expenditure by defendant of plaintiffs' entire security was totally unreasonable and unconscionable. Despite the suspicious prevailing circumstances, it developed that the principal was residing with his wife within the county without any apparent attempt at concealment and had, in fact, been working at his regular employment until at least a day or two prior to his

apprehension. The identity of the principal's employer was known to defendant, having been previously furnished by plaintiffs. In fact, the recipient of the $4,000 fee effected the apprehension within 24 hours of the time he was retained. While it may be that large contingent fee retainers are customary and are necessary in many cases to obtain effective results, there is no apparent reason why a surety should not first mount a more modest, superficial investigation such as would have been adequate to locate the principal herein. Under the broad language of the indemnity agreement executed by plaintiffs, defendant is entitled to reimbursement for expenses in connection with the apprehension of the principal. However, applying accepted standards of contractual construction, interpreting the agreement to include a covenant of good faith and fair dealing between the parties, and having in mind that this agreement was prepared by defendant, with virtually no opportunity by plaintiffs to negotiate its terms, it must be construed to require reimbursement merely for fair and reasonable expenditures (10 N. Y. Jur., Contracts, §§ 203, 205, 223, 275; *Firemen's Fund Ins. Co.* v. *Levy,* 21 Misc 2d 1027). Thus, defendant is entitled to an offset in this action. Since the evidence presented at the trial was insufficient upon which to determine the fair and reasonable value of the services rendered, a new trial is granted for the sole purpose of deciding that issue of fact. Munder, Acting P. J., Martuscello, Latham, Gulotta and Christ, JJ., concur.