WALTER J. KULINS *et al.*, Plaintiffs-Appellees, *v.* MALCO, INC., Defendant-Appellant.

First District (5th Division)   No. 79-338

Opinion filed December 28, 1979.

Robert H. Joyce and Peter C. Woodford, both of Chicago, for appellant.

Leon M. Despres, Albert Schwartz, and Marshall Patner, all of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant appeals the order of the trial court granting plaintiffs' motion for judgment on the pleadings in a class action suit seeking recovery of severance pay owed plaintiffs under terms of an employment agreement with defendant. Defendant contends that the trial court erred in its ruling that defendant's modification of its severance pay plan was of no force or effect. We dismiss this appeal because we lack jurisdiction to hear this case.

Plaintiffs, former employees of defendant who were discharged between February and May of 1975, brought a class action for "termination allowances" they claimed were owed them under the terms of their 1967 employment agreement with defendant, Malco, Inc., and defendant's corporate predecessor, Malco Manufacturing Co. The 1967 agreement provided, in essence, for one week of severance pay per year of employment or fraction thereof for each year of service. Defendant filed motions to dismiss claiming that the 1967 severance pay provisions had been modified in 1972 and 1975. The 1972 modification provided that the severance pay plan in force prior thereto "may be terminated at the discretion of management." It also provided that "salaried-exempt" employees on the payroll prior to October 1, 1972, "will retain benefits according to the previous policy," and that, if the employee is "employed prior to full use of severance pay," such severance pay will be discontinued "as of the hire date of the new employment." The 1975 modification, effective February 1, 1975, set forth severance pay benefits ranging from one week for persons employed between 6 months and one year and up to 5 weeks pay for persons employed more than 20 years. Defendant claimed acceptance of these provisions by plaintiffs based on the fact that they continued in the employment of defendant after having received notice of the modifications of these revisions. Nonetheless, the trial court denied these motions and, in a memorandum opinion, found that defendant had the right to discontinue its liability for severance pay prospectively only as of February 1, 1975, but not as to past employment. The court also stated that the 1972 pay plan modification gave defendant the right to terminate the severance pay in the future but did not, itself, constitute a termination of prior rights to severance pay.

After defendant filed its answer, plaintiffs filed a "Motion for Judgment" asking that the court enter orders respecting (1) the composition of the class, (2) the notice to be given individual members of

the class, (3) the validity of the severance pay policy provision which stated that severance pay would be reduced or eliminated because of reemployment after severance, and (4) whether amounts defendant paid plaintiffs to set up a new plant could be deducted from any severance pay due.

On November 30, 1978, the trial court entered an order stating:

"1. Defendant's severance pay plan of 1967, a copy of which is attached to the complaint as Exhibit A, is in full force and effect and is enforceable against the defendant and in favor of plaintiffs.

2. Defendant's purported modification dated October 1, 1972 of the severance pay plan was made part of the record as exhibit A attached to defendant's verified motion to dismiss, which motion was previously denied by the Court on June 1, 1976.

3. The provision in that modification of the plan reading as follows:

'Should the employee be employed prior to full use of his severance pay, the severance pay will be discontinued as of the hire date of the new employment,' is of no force or effect in this case.

4. The Court retains jurisdiction of this cause for the purpose of considering and ruling upon questions relating to notice of the class, computation of amounts of liability, and all other pending or related matters.

5. There is no just reason to delay the enforcement of this order."

OPINION

Before we can even consider defendant's contention, we must address ourselves to the question of whether we have jurisdiction to consider this appeal. Although neither defendant nor plaintiffs initially briefed this question, we requested that they submit points and authorities on this matter both during oral argument and later by letter because of our doubt over our power to hear this appeal. Both sides responded to our request, and each expressed the belief that we did have the power to hear this case, since the November 30 order was a final and appealable order within the meaning of Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)). They essentially argued that the November 30 order decided the only substantial issue in controversy, defendant's liability to plaintiffs under the 1967 agreement, and reserved only ministerial or incidental matters such as computation of the exact amount of liability and notification to class members for future determination. Our reading of the order and review of the relevant authorities, however, compels us to reach a different conclusion. The

November 30 order reserved matters of substantial controversy which need be resolved before an appeal may be taken. Therefore, at present, we lack the jurisdiction to hear this case.

Our power to review an order of the trial court is circumscribed by Supreme Court Rules 301-308 (Ill. Rev. Stat. 1977, ch. 110A, pars. 301—308). The parties argue that Rule 304(a) gives us the power to review the order in this case. Rule 304(a) provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

Since the November 30 order disposes of all of the parties if it disposes of any of them, our power to hear this case under Rule 304(a) cannot be based on the position that it involves a final judgment as to one or more but fewer than all of the parties. If Rule 304(a) is to apply at all, it must be shown that the order involves a final judgment as to one or more but fewer than all claims made in this case.

■■ We find that the November 30 order was not a final judgment as to any of the claims. An order is final if "it determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by decree." (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378, 381.) To be final, an order must conclude the litigation between the parties on the merits so that only execution remains to be accomplished if affirmed on appeal. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.) The November 30 order did not adjudicate the ultimate rights of any of the parties and did not conclude the litigation between the parties so that only execution remained to be accomplished if affirmed on appeal. The order merely made a preliminary finding that the 1967 severance pay policy "is in full force and effect and is enforceable against the defendant and in favor of plaintiffs." It did not adjudicate any of the ultimate rights of any of the plaintiffs. It did not grant any of the relief prayed for by any of the plaintiffs. Such relief could only be granted upon a further hearing at which facts necessary to make a determination as to relief can be ascertained. (*Impey v. City of Wheaton* (1965), 60 Ill. App. 2d 99, 208 N.E.2d 419.) Until such further hearing and subsequent entry of judgment, the court's statement with respect to the 1967 severance pay policy constituted no more than a mere finding, which is unreviewable. *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.

The cases cited by the parties in support of their argument of

appealability are all distinguishable. In *Altschuler v. Altschuler* (1948), 399 Ill. 559, 78 N.E.2d 225, the court had determined substantial property rights and liabilities and reserved only incidental accounting matters. In *Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 378, the court had determined the ultimate rights of the opposing claimants to the corpus of a trust and reserved only an incidental accounting matter. In *City of Chicago v. Mendelson* (1973), 14 Ill. App. 3d 950, 304 N.E.2d 16, the court determined that a third-party defendant had withheld rents from a third-party plaintiff and reserved only the question of the amount of withheld rent owed. In each of these cases, only incidental matters were reserved. In the instant case, the matters reserved involve questions requiring a further judicial determination.

Appeal dismissed.

SULLIVAN, P. J., and MEJDA, J., concur.