LYONS BROTHERS LUMBER & FUEL CO., Plaintiff-Appellee, *v.* JESSE C. SHEPHERD, d/b/a Shepherd Construction Company, Defendant-Appellant.

Third District   No. 78-22

Opinion filed February 7, 1980.

Nathan H. Lichtenstein, of Goldgehn, Leonardo, Goldgehn & Isaacson, of Chicago, for appellant.

Gerald R. Kinney, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Lyons Brothers Lumber and Fuel Co., obtained a judgment by confession against the defendant, Jesse C. Shepherd, d/b/a Shepherd Construction Company, on November 17, 1975, in the amount of $104,910.83 representing sums due to plaintiff on a promissory note. The judgment may be broken down into the following categories and amounts:

| | |
|---|---|
| $964,560.50 | principal |
| 19,368.16 | interest to 10-31-75 |
| 20,982.17 | attorney's fees |
| $104,910.83 | total judgment |

The underlying promissory note upon which the defendant was the maker was due by the date specified therein, October 31, 1972. Beginning in March of 1976, following several citation proceedings to discover defendant's assets, attempts were made to serve a summons upon the defendant to confirm the judgment by confession. These attempts to obtain service of process were unsuccessful due to the defendant's absence from the local area. Not until December 21, 1976, was service of the summons to confirm the judgment by confession obtained upon the defendant. Thereafter the defendant filed an appearance on January 19, 1977, and a "motion to open or vacate" the judgment by confession, on February 10, 1977. Defendant's motion, pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276), was accompanied by his affidavit. Defendant subsequently amended his motion to include a verified answer to plaintiff's complaint and an amended affidavit. Following a hearing on defendant's "motion to open or vacate" the

judgment by confession and plaintiff's motion to confirm the same judgment the trial court entered an order denying defendant's motion on the grounds that defendant was not diligent in the presentation of his motion and that he failed to show a good defense on the merits to any part of the plaintiff's claim. Accordingly the trial court sustained plaintiff's motion to confirm his judgment by confession.

Defendant appeals from that adverse order by the trial court. Only one issue is presented for review; whether the trial court erred in denying defendant's motion to open or vacate judgment by confession.

■■ We should explain that the motion filed by the defendant is captioned as one to either open or vacate the confession judgment and the relief actually sought is opening or vacating the confession judgment against him. In some cases courts have treated motions to vacate as motions to open pursuant to Supreme Court Rule 276. (*Style Builders, Inc. v. Fuernstahl* (1975), 32 Ill. App. 3d 272, 336 N.E.2d 369; *Atlanta National Bank v. Johnson Tractor Sales* (1971), 130 Ill. App. 2d 793, 267 N.E.2d 358.) How the court treats a motion such as the present one, no matter how it is captioned, is dependent upon the defendant's actions. If the defendant puts the motion, whatever the caption, as a motion to open under Supreme Court Rule 276 and presents and argues it as such, then the provisions of Supreme Court Rule 276 should govern the motion. In the instant case the defendant treated his motion as one to open the confession judgment pursuant to Supreme Court Rule 276 both in the trial court and in his appellate brief. We believe the defendant's election to treat his motion as one to open pursuant to Supreme Court Rule 276 is binding upon his argument on appeal.

■■ Supreme Court Rule 276 provides the criteria for opening of a judgment by confession. (Ill. Rev. Stat. 1977, ch. 110A, par. 276). It is essential that the moving party establish by his motion, affidavit, and verified answer that he has a prima facie defense on the merits to the plaintiff's demand. It is also essential that the moving party act diligently in presenting the motion. The plaintiff has argued that the defendant has failed to establish both requirements. We have examined the record in the instant case and believe that it manifestly supports the trial court's denial of defendant's motion to open or vacate the judgment on the ground that defendant failed to act with the necessary diligence required by Supreme Court Rule 276. Having reached this decision, we will not address the plaintiff's other argument that the defendant failed to disclose a prima facie defense on the merits to the plaintiff's demands.

■■ ■ Defendant's affidavit and amended affidavit filed in support of his motion recite that he acted diligently. Such an allegation of a pure legal conclusion is insufficient. (*Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 336 N.E.2d 628.) Plaintiff's counteraffidavit

reflects that the defendant had actual notice of the judgment by confession through the medium of imputed actual knowledge of his attorney. Defendant failed to refute or contest this allegation. Plaintiff's counteraffidavit alleges numerous telephone conversations between plaintiff's attorney and defendant's attorney concerning the post-judgment proceedings in an attempt to recover the money due by virtue of the judgment from the defendant. The plaintiff's counteraffidavit further established that at least one letter was sent to defendant's attorney by the plaintiff and that one letter was received from defendant's attorney. The subject matter of all the communications with defendant's attorney was post-judgment collection proceedings from which it may logically and reasonably be inferred that the defendant's attorney was unquestionably aware of the judgment by confession having already been entered. The first letter was sent to defendant's attorney and the first conversations concerning this matter occurred in March of 1976. Thereafter neither the defendant nor his attorney took any action with respect to vacating or opening the judgment by confession against him until January of 1977. The unrefuted knowledge of defendant's attorney of the judgment may be imputed to his client. (*People ex rel. Rogers v. Elrod* (1975), 35 Ill. App. 3d 26, 340 N.E.2d 598; *County of Cook v. Schroeder* (1965), 55 Ill. App. 2d 449, 205 N.E.2d 257.) Defendant's failure to take action from the time his attorney gained actual knowledge until 10 months later cannot be characterized as diligent. Although defendant was not personally served with the summons to confirm the judgment by confession until December 21, 1976, the imputed knowledge through his attorney occurred almost a year prior to the defendant's filing of his motion to open or vacate the judgment. The record reflects attempts by the plaintiff to personally serve the defendant with a summons to confirm the judgment which were not successful because defendant had absented himself from the local area. The fact that an attorney-client representation existed between the defendant and his attorney during the time period when the attorney acquired actual knowledge of the judgment by confession is not refuted. Indeed it is confirmed because the very same attorney entered an appearance of record and represented defendant in the proceedings below as well as in the present appeal. Defendant relies upon two cases to support his argument that he acted diligently. In *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151, also a confession of judgment case, the defendant's motion to open the confessed judgment was found to be diligently presented upon a showing of a two month delay in filing the motion. There it was concluded that the movant's delay could not possibly have resulted in any prejudice to the plaintiff. In *Alter & Associates, Inc. v. Zylvitis* (1962), 30 Ill. App. 2d 195, 183 N.E.2d 750 (abstract), a motion to open a judgment by confession made in October

was found to be diligent where the confession judgment had been entered the previous April. In both cases the delay was not nearly as lengthy as the case at bar, and for that reason we believe the present case is factually distinguishable. In light of the early unrefuted actual knowledge of the confession judgment in defendant's attorney, which is imputed to him, we are satisfied that the record manifestly supports the trial court's denial of defendant's "motion to vacate or open" the judgment by confession on the ground of defendant's lack of diligence in presenting the motion and was no abuse of discretion.

■■ In a motion to supplement his reply brief which we granted, the defendant urges the applicability of the recent case of *City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 388 N.E.2d 980. The *City-Wide Realty* case contains language which defendant argues allows him to merely file a responsive pleading to the plaintiff's motion to confirm his confession judgment pursuant to section 12 of the Wage Deduction Act (Ill. Rev. Stat. 1977, ch. 62, par. 82), rather than proceeding under Supreme Court Rule 276 with a motion to open the confession judgment. Two facts distinguish the instant case from those of *City-Wide Realty*. In that case the confirmation proceedings were brought under section 12 of the Wage Deduction Act (Ill. Rev. Stat. 1977, ch. 62, par. 82), which requires a trial de novo and allows for the immediate filing of a response pleading, while in the case before us the confirmation proceedings were required, in a non-wage-deduction setting, not by statute but by due process clauses of the United States and Illinois Constitutions. In *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272, due process notice was required to be given in confession of judgment cases, in which the remedy sought by the judgment creditor was a non-wage garnishment. We believe the present appeal involves a situation similar to *Scott v. Danaher* and the language contained in the *City-Wide Realty* is applicable to the wage deduction confirmation proceedings that it is. A second distinguishing factor is that the defendant in this case elected to proceed pursuant to Supreme Court Rule 276 rather than filing a responsive pleading only and insisting, as the defendant in *City-Wide Realty* did, upon the applicability of the Wage Deduction Act (Ill. Rev. Stat. 1977, ch. 62, par. 82) to the facts of the case. We believe the defendant is bound by his election to proceed under Supreme Court Rule 276 and has waived any theory of proceeding under the *City-Wide Realty* case by his actions in the trial court.

■■ Were it not for another question raised by defendant's arguments, we would merely affirm the judgment of the trial court. We note that the defendant argues in his brief that the plaintiff judgment creditor failed to offer any evidence in the trial court concerning the amount of plaintiff's attorney's fees which defendant characterizes as excessive. The

promissory note provided upon its face that the plaintiff be entitled to recover "reasonable" attorney fees in addition to the principal and interest due on the note. The complaint filed separated the total request for damages sought to be recovered into three categories totaling $104,910.83 for which a judgment was entered. The amount of attorney fees included therein was $20,982.17. In a confession of judgment case, the plaintiff has the burden of introducing evidence in support of attorney's fees claimed. Here, the record does not show that plaintiff met that burden. In routine cases such as a confession of judgment, the opportunity to rely upon minimum fee schedules as opposed to the actual amount of time and effort expended in providing legal services is a great temptation. In *Larkin Bank v. Ishak* (1976), 43 Ill. App. 3d 818, 357 N.E.2d 840, the court stated that the attorney fees in a similar confession of judgment case should be based upon the circumstances of the case, including the time expended, the work involved, and the expertise of the lawyer. In a more recent case involving recovery of attorney fees in a confession-of-judgment setting, the court held that the plaintiff must offer more evidence in the trial court to support the amount of attorney fees than the schedule of fees adopted by the circuit court for confessions of judgment. *Parkway Bank & Trust Co. v. LeVine* (1977), 45 Ill. App. 3d 497, 359 N.E.2d 882.

■■ The record before us does not contain any transcript of the hearing in which judgment was confessed against the defendant. The record is silent and unsupportive of the large amount of attorney fees allowed by the trial court in this case. In the absence of some evidentiary support in the record to justify the attorney fees which amounted to 20% of the confession judgment here, we conclude that the attorney fees awarded by the trial court in the judgment might well be unreasonable and excessive. Upon remand the plaintiff may introduce sufficient evidence to support reasonable attorney fees based upon the time expended and other relevant circumstances of the case. Accordingly the judgment order of the Circuit Court of Will County in cause No. W-75-B-4917 L ordering that the plaintiff recover from the defendant the sum of $104,910.83 and costs of suit is hereby vacated. Judgment is herewith entered in said cause ordering that plaintiff recover from defendant the sum of $88,928.66 and costs of suit and execution may issue. This cause is remanded to the circuit court, and we direct that a judgment order be entered in favor of plaintiff and against defendant for an amount of reasonable attorney fees for plaintiff following an evidentiary hearing conducted thereon consistent with the views expressed in this opinion.

■■■ The plaintiff filed two motions in this appeal, both of which were taken with the case. The first motion is one to dismiss the appeal pursuant to Supreme Court Rule 342 (Ill. Rev. Stat. 1977, ch. 110A, par 342) for defendant's failure to file an abstract of record or excerpts from the

record. Defendant subsequently filed a motion to excuse the filing of abstracts or excerpts of record which was also taken with this case on oral argument. In the interest of doing substantial justice between the litigants, we grant defendant's motion to excuse the filing of abstracts or excerpts and accordingly deny plaintiff's motion to dismiss the appeal on that ground. Plaintiff has also moved to dismiss the appeal for the defendant's failure to post any security for costs on this appeal pursuant to Supreme Court Rule 364 (Ill. Rev. Stat. 1977, ch. 110A, par. 364), alleging evidence of the defendant's insolvency. Defendant's brief and arguments set forth a prima facie meritorious ground for appeal. Consistent with the reasoning of *Petrouskas v. Kipinis* (1976), 43 Ill. App. 3d 730, 357 N.E.2d 170, in an exercise of our discretion, we will waive the posting of security in this appeal and deny the plaintiff's motion to dismiss.

For the reasons stated the judgment of the Circuit Court of Will County is vacated; judgment is entered in favor of plaintiff and against defendant in the amount of $88,928.66, and the cause is remanded and the circuit court directed to proceed consistent with this opinion.

Judgment vacated, judgment entered and remanded with directions.

SCOTT and STENGEL, JJ., concur.