WILSON-JUMP COMPANY, Plaintiff, *v.* McCARTHY-HUNDRIESER AND ASSOCIATES *et al.*, Defendants.—(PASCHEN CONTRACTORS, INC., Cross-Plaintiff-Appellant, *v.* P. NACEY SPRINKLER COMPANY, Cross-Defendant-Appellee.)

First District (4th Division)   No. 79-1014

Opinion filed May 29, 1980.

Galliani & Kuzel, Ltd., of Chicago (William R. Galliani, of counsel), for appellant.

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The appellant in this action, Paschen Contractors, Inc. (Paschen), when sued by another party, Wilson-Jump Company (Wilson), counterclaimed against another defendant, P. Nacey Sprinkler Company (Nacey), the appellee in this action, on an indemnity agreement. An order was entered finding Nacey liable on the agreement, but the amount of damages was not determined. Later the original action was dismissed as against Paschen. Because of this, Paschen refused to appear and prove up its damages on the counterclaim, claiming the court had no jurisdiction over it. It appeals from a judgment finding no damages, contending (1) the court had no jurisdiction over it; (2) if it did, it only had jurisdiction to enter an order dismissing the claim for want of prosecution; (3) it should have

vacated the order upon appellant's motion filed within 30 days after the judgment was entered. We find no error and affirm.

On June 17, 1974, Wilson sued McCarthy-Hundrieser and Associates (McCarthy), Paschen and Nacey. Paschen counterclaimed against Nacey on an indemnity agreement. On June 12, 1975, summary judgment was entered holding Nacey liable to Paschen for all costs incurred or paid by Paschen in defense of Wilson's claims and for any judgment that might be entered. On July 27, 1978, Wilson's suit against McCarthy was dismissed with prejudice since the case had been settled. On September 11, 1978, Wilson's suit was dismissed as to Paschen with prejudice, since all matters had been settled. It was further stated that the action should continue as to Nacey. The order was approved by counsel for Wilson and Paschen.

When the remaining parties were called for trial on January 25, 1979, the suit by Wilson against Nacey was dismissed, with prejudice, the parties having settled the action. Paschen, however, refused to appear, contending that the court had no jurisdiction over it since it had been dismissed on September 11, 1978, and that the summary judgment order on the counterclaim could be used in a separate action for breach of contract between the parties. Paschen refused to appear even though the trial judge *personally* called Paschen's attorney, advised him the case was set for trial and advised him that if he was unable to appear on that day, the judge would extend the time, allowing him to come in the next day or some other time and present evidentiary proof of attorney's fees and costs. Counsel stated at that time that the court had no jurisdiction and that he did not intend to and would not appear before the court.

Since Nacey requested trial on the issue, and since there was no evidence as to the attorney's fees and costs, the court entered a judgment, also on January 25, 1979, finding no damages for and on behalf of Paschen on the counterclaim against Nacey.

On February 21, 1979, Paschen moved the court to vacate the January 25, 1979, judgment and to enter a judgment for Paschen against Nacey for $5,095.30. In its motion, Paschen repeated its contention that the court had no jurisdiction, but also argued that if the court had jurisdiction, Paschen's failure to appear was only grounds for dismissal for want of prosecution and not grounds for entry of a judgment of "no damage" on the merits. Its claim of damages in the amount of $5,095.30 was based solely on a sworn statement that the costs and attorney's fees amounted to $5,095.30. It did not ask for an opportunity to establish the amount of the reasonable attorney's fees incurred.

The trial court on March 29, 1979, denied the motion, stating at the hearing that he thought it was an affront for counsel to refuse to appear on January 25, 1979, or at a later date as offered by the judge.

## I.

Paschen contends that the trial court had no jurisdiction over it (1) because the summary judgment order was final as it resolved all issues between it and Nacey, and all that was left was the ministerial task of informing Nacey of the amount of attorney's fees and costs, which were fixed amounts upon which execution could issue and (2) because it was dismissed from the action by the order of September 11, 1978. We find no merit to these claims.

■█ ■ Where an indemnity contract provides that the indemnitor will reimburse the indemnitee for all loss, damages, expense and costs and attorney's fees incurred, the indemnitee is entitled to recover reasonable attorney's fees incurred by it (*John J. Calnan Co. v. Talsma Builders, Inc.* (1979), 77 Ill. App. 3d 221, 395 N.E.2d 1076), and the court in granting summary judgment properly so ruled. But the key word is "reasonable." The indemnitee is still required to establish what were reasonable attorney's fees, and the indemnitor is not necessarily liable for the amount the indemnitee unilaterally agreed to pay or did pay its lawyer. (*United States Fidelity and Guaranty Co. v. Love* (1976), 260 Ark. 374, 538 S.W.2d 558, *appeal after remand* (1978), 263 Ark. 925, 568 S.W.2d 746; *Sork v. United Benefit Fire Insurance Co.* (Fla. App. 1964), 161 So. 2d 54; *Fireman's Fund Insurance Co. v. Levy* (1960), 21 Misc. 2d 1027, 197 N.Y.S.2d 45.) In this cause reasonable fees had not been established. Accordingly, it is clear that the order was not a final one upon which execution could issue. Moreover, we note that this would be true even if the indemnitee did not have to prove that the amount incurred was reasonable. The indemnitor is not required to accept the mere statement that indemnitee incurred an alleged amount of costs and fees. It is entitled to have that fact established under oath in court.

This case resembles *Kulins v. Malco, Inc.* (1979), 79 Ill. App. 3d 982, 398 N.E.2d 1144. In that case the court entered an order finding that a severance pay plan was in full force and a certain modification was not applicable. The court, however, retained jurisdiction to determine questions relating to notice of the class, computation of amounts of liability and all other pending or related matters. On appeal, both parties contended, as Paschen argues here, that the trial court's order was final since it decided the only substantial issue in controversy and reserved only ministerial or incidental matters. The appellate court, however, ruled to the contrary, stating at 79 Ill. App. 3d 982, 985, 398 N.E.2d 1144, 1146:

> "We find that the November 30 order was not a final judgment as to any of the claims. An order is final if 'it determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the

ultimate rights which have been adjudicated by the decree.' (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378, 381.) To be final, an order must conclude the litigation between the parties on the merits so that only execution remains to be accomplished if affirmed on appeal. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.) The November 30 order did not adjudicate the ultimate rights of any of the parties and did not conclude the litigation between the parties so that only execution remained to be accomplished if affirmed on appeal. The order merely made a preliminary finding that the 1967 severance pay policy 'is in full force and effect and is enforceable against the defendant and in favor of plaintiffs.' It did not adjudicate any of the ultimate rights of any of the plaintiffs. It did not grant any of the relief prayed for by any of the plaintiffs. Such relief could only be granted upon a further hearing at which facts necessary to make a determination as to relief can be ascertained. (*Impey v. City of Wheaton* (1965), 60 Ill. App. 2d 99, 208 N.E.2d 419.) Until such further hearing and subsequent entry of judgment, the court's statement with respect to the 1967 severance pay policy constituted no more than a mere finding, which is unreviewable. *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114."

■■ Furthermore, even if the summary judgment order had determined all issues as between Paschen and Nacey, it would still not have been a final order since it did not resolve all issues in the case, and no order was entered finding no just reason to delay appeal. The suit by Wilson against Nacey was not dismissed until January 25, 1979, the same date the judgment of no damages was entered. Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) provides that in the absence of a finding of no just reason to delay appeal any judgment that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties. Absent such finding, therefore, the trial court retains jurisdiction over the entire matter until all issues have been resolved (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416, *appeal denied* (1978), 71 Ill. 2d 614; *Hazel v. Hayes* (1973), 14 Ill. App. 3d 292, 302 N.E.2d 458), the order being merely interlocutory in nature. *Daniels v. McKay Machine Co.* (7th Cir. 1979), 607 F.2d 771.

Paschen's contention that it was dismissed from the suit on September 11, 1978, is without merit. All the court did was dismiss the claim against Paschen; it made no attempt to dismiss the counterclaim by Paschen. Indeed, it would hardly be to Paschen's benefit for us to find the

court also dismissed the counterclaim since the dismissal was "with prejudice and without costs, all matters in controversy having been settled and compromised." If we were to interpret the order to refer to the counterclaim as well, then we would be forced to rule that Paschen had no claim against Nacey, it "having been settled and compromised." While immaterial here since, as we already noted, Wilson's action against Nacey continued after September 11, where a counterclaim sets up new facts and prays for affirmative relief and shows grounds by which the jurisdiction of the court may be upheld independently of the original complaint, dismissal of the complaint does not dispose of the counterclaim. *Callen v. Koretzky* (1972), 3 Ill. App. 3d 683, 279 N.E.2d 502 (abstract).

■■■ Paschen's contention that it was entitled to obtain a judgment as to its rights under the indemnity ageement in one action and in a totally different action seek to enforce those rights by suing for breach of contract is contrary to public policy. Obviously, Paschen was entitled to seek a declaration of its rights without seeking damages. (Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1).) But it was not entitled to split its cause of action. As we recently discussed at great length in *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, a plaintiff cannot divide an entire demand or cause of action so as to maintain several actions for his recovery but must raise all matters in the one action. This rule is founded upon fundamental principles of justice, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.

## II.

■■ Paschen's claim that the court had no right to enter a judgment on the merits but could only dismiss for want of prosecution is answered by the case of *Gaines v. Chicago Railways Co.* (1929), 255 Ill. App. 30. In that case, as in the present case, counsel on the day of trial refused to proceed. He neither made a motion for a continuance nor moved for a nonsuit. The court thereupon impaneled the jury and directed a verdict for the defendants. The plaintiff on appeal contended, as appellant does here, that the court did not have a legal right to direct a verdict in such a situation. The appellate court disagreed and affirmed.

Furthermore, it is doubtful whether a dismissal for want of prosecution would be an appropriate remedy where in fact the plaintiff prosecuted the case to the point of obtaining a partial summary judgment. Moreover, we must note that Paschen does not contend the entire claim should have been dismissed for want of prosecution; rather it contends that only the issue concerning the specific amount of costs and attorney's fees owed to Paschen should have been dismissed for want of

prosecution. As we have already noted, that would have the effect of causing an improper splitting of actions and Paschen would have been barred from raising in a second suit to collect the attorney's fees those issues which could have been raised in the first, namely the amount and reasonableness of the attorney's fees.

## III.

██ We further hold that the trial court did not abuse its discretion in refusing to vacate the January 25, 1979, order. While it is true that Illinois courts are liberal in setting aside default judgments upon a timely motion, this is so because normally the party's failure to appear is inadvertent, and is not an intentional or wilful disregard of directions of the court. (Compare *Cook v. Schwab Rehabilitation* (1979), 77 Ill. App. 3d 245, 395 N.E.2d 1100; *Polowick v. Meredith Construction Co.* (1975), 29 Ill. App. 3d 1092, 332 N.E.2d 17; *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638, *appeal denied* (1974), 57 Ill. 2d 604; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529; *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488, *appeal denied* (1969), 40 Ill. 2d 577.) In this case, however, we have the unique situation where counsel deliberately refused to appeal despite the trial judge's *personal* attempts to obtain counsel's appearance and *offers to continue proceedings until it was convenient.* Trial counsel, having deliberately chosen the course of action it wished to take in litigating the claims, had no more right to have the unfavorable judgment vacated than it would have had if it had decided after trial it should have produced a witness it had previously decided it did not wish to testify.

In addition, we must note that it would have been improper for the trial court to have granted the February 25 motion since Paschen did not request a trial on the issues but sought to have judgment entered for it without having produced any evidence as to the amount and reasonableness of the costs and fees except the verified unitemized statement of one of the attorneys.

██ Paschen in its brief on appeal complains that no formal or adequate informal notice of the January 25 session was given to it and that the judgment was *ex parte.* This issue was not raised in the motion to vacate and so is not properly before us now. (*Prendergast v. Rush-Presbyterian-St. Luke's Medical Center* (1979), 78 Ill. App. 3d 538, 397 N.E.2d 432; *Hillblom v. Ivancsits* (1979), 76 Ill. App. 3d 306, 395 N.E.2d 119; *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183; *Chriswell v. Rosewell* (1979), 70 Ill. App. 3d 320, 388 N.E.2d 175.) The contention is, however, unfounded. An *ex parte* proceeding is one brought for the benefit of one party only and without notice to the other party or an opportunity for that party to be heard.

(*Stella v. Mosele* (1939), 299 Ill. App. 53, 19 N.E.2d 433; Restatement of Torts (Second) §674, comment *k* (1977).) Here the counsel for Paschen had appeared in court on January 24, 1979, at which time Nacey requested immediate trial on the merits. Furthermore, the trial judge on January 25 personally telephoned counsel and informed him of the proceedings and offered to continue them to another date if that would be convenient.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

LINN, P. J., and JOHNSON, J., concur.