In re Dan L. WEY, Debtor.

Robert L. SULLIVAN, Trustee in Bankruptcy, Plaintiff-Appellee,

v.

AMERICAN STATE BANK, et al., Defendants-Appellees,

and

Bank of Carlock, a state banking corporation, Defendant-Appellant.

No. 85–3484.

United States District Court, C.D. Illinois, Springfield Division.

Nov. 3, 1986.

George Chesley, Chesley, Wilson & Prall, Bloomington, Ill., for plaintiff-appellee.

David S. Dunn, Bloomington, Ill., for defendant-appellee.

OPINION ORDER

MILLS, District Judge:

Bankruptcy appeal.

A question of priorities.

Creditor bank prevails.

This matter comes before the District Court upon an interlocutory appeal pursuant to Bankruptcy Rule 8001(b) by the Bank of Carlock from an order of the Bankruptcy Court denying it secured status. The facts are not in dispute; only the posture of Illinois law is at issue.

On June 15, 1984, the Circuit Court of McLean County, Illinois, entered a judgment by confession "with award of execution" in favor of the Bank of Carlock and against the Debtor, Dan Wey, for a sum due under a cognovit.[1] The Court, however, reserved the issue of attorney's fees owing the bank and thus retained jurisdiction during the collection period.

Thereafter, the Bank seemingly perfected a lien on certain funds under Ill.Rev. Stat. ch. 110, ¶ 12–707, by causing garnishment summons to be served upon American State Bank. The garnishee, in turn, entered a general appearance to the Creditor's motion for turnover of funds, admitting monies on deposit. Wey also filed a response, acknowledging he had no defense to the indebtedness.[2] Proceedings in the Circuit Court were stayed pursuant to 11 U.S.C. § 362 on October 29, 1984, when an involuntary petition in bankruptcy was filed against the Debtor.

The Trustee subsequently brought a complaint opposing the Bank's alleged lien and requesting the Bankruptcy Court to declare the funds property of the estate. Although Appellee alleged several reasons for the lien's unenforceability, Bankruptcy Judge Basil Coutrakon granted summary judgment for the Trustee on the ground that execution could not issue upon the judgment sought to be enforced by the garnishment summons since it lacked finality due to the reservation of the attorney's fees question. The Court declined to address the remaining contentions. The Bank of Carlock now requests this Court to review the bankruptcy tribunal's finding.

It does so, and reverses.

Did the reservation of jurisdiction to later determine reasonable attorney's fees deny the judgment of the Circuit Court finality for purposes of execution? Clearly, Illinois law must guide this Court's analysis of the question. Upon a thorough check of state statutes and decisions, however, it appears the precise issue remains unresolved. Nevertheless, this tribunal is persuaded that its state brethren would answer negatively.

Admittedly, the law governing execution of judgments and the problem of priorities among creditors that it presents is highly complex and subject to a great deal of variation among the states. But the prerequisite of a final enforceable judgment against the principal defendant in a proceeding under the Illinois Garnishment Act (Ill.Rev.Stat. ch. 110, ¶¶ 12–701 to 719 (1985)) is beyond doubt: "[A] valid judgment within the meaning of the garnishment statute is a judgment upon which an execution can issue for satisfaction thereof against the principal debtor." *Ring v. Palmer*, 309 Ill.App. 333, 336, 32 N.E.2d 956 (4th Dist.1941). Thus, in every garnishment action a question exists as to the

---

1. The order of the Circuit Court reads: "Judgment is hereby entered, with award of execution, for the Plaintiff, BANK OF CARLOCK, and against the Defendant, DAN L. WEY, for the sum of $117,509.49 plus costs of suit, and let it appear in such judgment that the issue of attorney's fees due plaintiff is reserved and the court retains jurisdiction hereof for the purpose of determining such fees."

2. Appellant contends that by filing general appearances and failing to move to quash the garnishment summons, both the garnishee and judgment debtor recognized the judgment as final and acquiesced in the creation of the judicial lien, thereby waiving the finality issue. Further, the Bank maintains that since the Trustee stands in the shoes of the bankrupt, the waiver binds him as well. In light of the Court's holding that the judgment is final for the purpose of execution, however, it has no opportunity to address this issue.

enforceability of the underlying judgment. *Cerone v. Clark*, 110 Ill.App.2d 301, 304, 249 N.E.2d 186 (1st Dist.1969); *see generally* 30 Am.Jur.2d *Executions* § 9.

In denying the Bank secured status, the Bankruptcy Court relied primarily upon this Court's decision in *General Telephone Company of Illinois v. Robinson*, 545 F.Supp. 788 (C.D.Ill.1982). Noting that Illinois law concerning the creation of liens is unclear, Chief Judge J. Waldo Ackerman held there that a citation to discover assets could not properly issue from a judgment which reserved the question of reasonable attorney's fees. The creditor had no lien against the disputed funds since its judgment was not final. *Id.* at 791–92.

■ Indeed, *Robinson* initially appears dispositive of the current appeal. A closer examination, however, finds it readily distinguishable from the case at bar. In that case, the trial judge directed plaintiff to set the issue of attorney's fees for prove-up. More importantly, the words "execution may issue" were stricken from the judgment order. Thus, the circuit court did not intend execution to issue until attorney's fees were determined. The present controversy is in direct contrast. The judgment of the Circuit Court of McLean County specifically states "with award of execution." The judge undeniably intended his order to be final for purposes of execution so that Appellant might secure a lien through supplementary proceedings. The principle that the intention of the judge rendering the decision is a factor in determining finality is well established. *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir.1985); *United States v. Hunt*, 513 F.2d 129, 136 (10th Cir.1975); *Bates v. Ulrich*, 38 Ill.App.3d 203, 204–05, 347 N.E.2d 286 (4th Dist.1976); 49 C.J.S. *Judgments* § 11. Still, the Court acknowledges that the question of a judgment's finality ·cannot rest upon intent alone.

■ The Trustee relies on Illinois Supreme Court Rule 304 as support for his position that the judgment obtained by the Creditor is not final and enforceable. It states in relevant part:

> If ... multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the ... claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.

Ill.Rev.Stat. ch. 110A, ¶ 304(a) (1985). He contends the circuit judge did not make the required express finding for enforceability and thus, the judgment is not final. The Trustee's position, however, is unpersuasive. Rule 304 is not applicable to the present situation.[3]

As Judge Ackerman properly found in *Robinson*, Rule 304 applies only where multiple claims for relief are alleged. His statement is appropriate in this instance: "The question of attorney's fees was merely one issue in an action involving a single party and a single claim." *Robinson*, 545 F.Supp. at 792, *citing Coble v. Chicago Health Club, Inc.*, 53 Ill.App.3d 1019, 1021, 11 Ill.Dec. 734, 369 N.E.2d 188 (1st Dist. 1977). Thus, he too was unconvinced by the Trustee's logic.

■ Moreover, the Appellee ignores the precept that finality for the purpose of an appeal may not equate with finality for the purpose of execution. As early as 1943, the Supreme Court of Illinois recognized this axiom:

> No hard-and-fast definition of final judgment applicable to all situations, can be given since its finality depends somewhat upon the purpose for which and the standpoint from which it is being considered, since it may be final for one purpose and not for another.

*Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 575, 50 N.E.2d 836 (1943). Likewise, the Restatement observes that a judgment final for one purpose is not necessarily final for another.

---

**3.** The Court expresses no opinion as to whether the words "with award of execution" would be a sufficient finding under Rule 304 if it were applicable.

Restatement (Second) of Judgments § 13 comment b. Unquestionably then, Rule 304 is inapposite: It was intended to apply only to questions of appealability, not enforceability. The rule is aimed at discouraging piecemeal appeals and removing the uncertainty as to a judgment's appealability. *In re Marriage of Leopando*, 96 Ill.2d 114, 119, 70 Ill.Dec. 263, 449 N.E.2d 137 (1983); *see also* Ill.Ann.Stat. ch. 110A, ¶ 304 (Smith-Hurd 1985) (historical and practice notes). It would be absurd to suggest that its purpose was to allow less fortunate claimants to strike down the lien of a diligent creditor whose judgment reserved the incidental issue of attorney's fees. Thus, even assuming *arguendo* the order of the circuit court is not yet appealable, it does not follow that execution is improper.[4]

■ The judgment unequivocally determined the merits and fundamental issue of the case—the indebtedness due the Bank of Carlock. The question of attorney's fees may properly be deemed incidental to the cause. Although concededly addressing the issue of appeal, a long line of Illinois cases have defined a judgment as final "if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by decree." *Kulins v. Malco, Inc.*, 79 Ill.App.3d 982, 985, 35 Ill.Dec. 194, 398 N.E.2d 1144 (1st Dist.1979); *see, e.g., City of Chicago v. Mendelson*, 14 Ill.App.3d 950, 954, 304 N.E.2d 16 (1st Dist.1973); *Mederacke v. Becker*, 56 Ill.App.2d 128, 131, 205 N.E.2d 519 (4th Dist.1965); *Bernard Brothers,*

*Inc. v. Deibler*, 344 Ill.App. 222, 229, 100 N.E.2d 512 (2d Dist.1951).

The decision in *Lyons Brothers Lumber & Fuel Co. v. Shepherd*, 81 Ill.App.3d 213, 36 Ill.Dec. 395, 400 N.E.2d 975 (3d Dist. 1980), illustrates the point. In that case, plaintiff obtained a judgment by confession on a promissory note for principal, interest and fees. On appeal, the defendant, characterizing the award of attorney's fees as excessive, contended that the judgment creditor failed to offer any evidence at trial concerning the proper amount. In finding that the fees awarded might well be excessive, the Court stated:

> Accordingly the judgment order of the Circuit Court ... is hereby vacated. Judgment is herewith entered in said cause ordering that plaintiff recover from defendant the sum of $88,928.66 and costs of suit and *execution may issue*. This cause is remanded to the circuit court, and we direct that a judgment order be entered in favor of plaintiff and against defendant for an amount of reasonable attorney fees for plaintiff following an evidentiary hearing conducted thereon ...

*Id.* at 219, 36 Ill.Dec. at 395, 400 N.E.2d at 975 (emphasis added). Unquestionably, the Appellate Court granted immediate execution on the principal amount of the note despite the unsettled issue of attorney's fees. Thus, the decision, although not analyzing the finality of a judgment reserving fees, is evidence that an Illinois court has taken decisive action by judgment wholly consistent with this Court's position.[5] *See*

---

4. The Court today does not address the issue of the judgment's appealability.

5. The case of *Wilson-Jump Co. v. McCarthy-Hundrieser & Assoc.*, 85 Ill.App.3d 179, 40 Ill.Dec. 230, 405 N.E.2d 1322 (1st Dist.1980), cited by Appellee is inappropriate. That case involved an appeal from a finding in favor of the indemnitor. Since the indemnitee and principal plaintiff settled, the only issue under the indemnity contract was the amount of attorney's fees. The indemnitee, however, refused to prove-up, contending the trial court lost jurisdiction upon its dismissal from the case. Thus, having no evidence on which to base a fee award, the Court found no damages on the counterclaim

against the indemnitor. Contrary to indemnitee's contentions, the Appellate Court found that the summary judgment in favor of it was not a final one upon which execution could issue until fees had been established. In *Wilson*, the question of attorney's fees was the central issue. That problem could hardly be deemed incidental to the merits when in fact it was the only dispute between the parties.

Likewise, *In re Marriage of Derning*, 117 Ill. App.3d 620, 72 Ill.Dec. 785, 453 N.E.2d 90 (2d Dist.1983), is unpersuasive. That case merely found that in a dissolution of marriage action, the apportionment of attorney's fees is not incidental to the divorce decree but rather is an integral part of the property settlement.

also *United States v. Hunt*, 513 F.2d 129, 132, 136 (10th Cir.1975) (although the Court reserved computation of attorney's fees and interest, creditor was deemed "judgment creditor" for purposes of federal tax statutes upon entry of oral judgment).

Simply stated, no good reason for denying the Bank secured status in this instance exists. This Court cannot endorse the injustice Appellant will suffer if its judgment is found unenforceable; nor does it believe its state brethren would favor the result sought by the Trustee. Ancillary remedies in aid of execution are intended to give the creditor a fast efficient means for securing a debt. If courts denied diligent creditors execution on their judgments until resolution of the fee question, priority, as in the present case, would be jeopardized. Likewise, the untrustworthy debtor would have additional time to attempt to dispose of his few assets. In other words, to the creditor time is of the essence. Besides, the computation of fees before the conclusion of collection efforts is an educated guess at best.

The obvious intent of the trial judge in awarding execution, coupled with the nature of garnishment proceedings and the incidental character of the fee issue dictates this Court's holding. The judgment of the Circuit Court of McLean County was a final, enforceable order upon which execution could issue.

*Ergo*, the judgment of the bankruptcy court is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.