**PENNSYLVANIA TRUCK LINES, INC., Plaintiff,**

v.

**SOLAR EQUITY CORPORATION, Defendant.**

No. 83 C 7174.

United States District Court, N.D. Illinois, E.D.

April 12, 1988.

Richard M. Kates, Chicago, Ill., for plaintiff.

Peter C. John, Phelan, Pope & John, Ltd. and Mitchell H. Frazen, Ruberry, Phares, Abramson & Fox, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case arises out of trailer lease contracts entered into between Pennsylvania Truck Lines, Inc. ("PTL") and Solar Equity Corporation ("Solar Equity"). PTL sought to prove that the trailers were not returned due to the fault of Solar Equity, and that Solar Equity owed it storage costs. In response, Solar Equity brought two counterclaims, the first for unpaid rent, and the second for damages done to the trailers. A jury awarded Solar Equity $40,555.75 on the first counterclaim.

One of the provisions of the lease contracts requires PTL "to pay all costs and expenses incurred by [Solar Equity] in enforcing its rights with respect to the [trailers] or this lease (including actual and reasonable attorneys' fees) to the extent permitted by law." Accordingly, this court amended the judgment to include those items. *Pennsylvania Truck Lines, Inc. v. Solar Equity Corporation*, No. 83–7174 slip op., 1987 WL 9979 (April 20, 1987) (April 20th Memorandum Opinion). Interest on the judgment also was included, because the leases provide for interest on any overdue sums. *Id.*

Pursuant to the April 20th memorandum opinion, Solar Equity has submitted petitions for costs, expenses, and attorneys' fees, and for pre-judgment interest. In response, Pennsylvania argues that the petitions should not include certain pre-litigation expenses, costs relating to Solar Equity's counterclaims, fees paid to certain experts, or attorneys' fees for time spent on these petitions and on appeal. Pennsylvania also contends that the jury found Solar Equity to be partially at fault, and that any amounts due Solar Equity should be reduced accordingly. Finally, Pennsylvania objects to Solar Equity's calculation of interest.

■ Pennsylvania's first objection, relating to the pre-litigation expenses, is without merit. The expenses were incurred for purposes of inspecting the trailers and attempting to negotiate a settlement. While neither inspections nor negotiations are explicitly mentioned in the lease contracts, the cost-shifting provision is broad and covers any expenditures relating to the enforcement of Solar Equity's rights under the lease. Two of those rights, obviously, are to have the trailers returned, and to have them returned in good working order. As a result, Solar Equity was entitled to attempt an agreed resolution, and to know the condition of its property at the time of the discussions.

■ PTL's second objection also is overruled. Solar Equity's claims and defenses were closely intertwined, making it inappropriate to allow costs on the latter and not on the former. The counterclaim for overdue rent could not succeed unless the jury ruled against PTL on the complaint. The second counterclaim was related because Solar Equity sought to prove damages to the trailers as the reason why they were not returned. In other contexts, courts allow recoupment of attorneys' fees on unsuccessful claims where they are linked with successful ones. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (discussing attorneys' fee awards under 42 U.S.C. § 1988).

■ Solar Equity similarly is entitled to compensation for fees paid to its experts. PTL argues that it should be al-

lowed to cross-examine these experts, citing *Wilson–Jump Company v. McCarthy–Hundreiser and Associates,* 85 Ill.App.3d 179, 182, 40 Ill.Dec. 230, 405 N.E.2d 1322 (1st Dist.1980). In that case, however, the petitioning party submitted merely a sworn statement regarding fees. Here, Solar Equity also has provided copies of invoices and checks which this court has examined and found sufficient. A factual hearing is not required every time a party requests one. *Cf. United States v. Jackson,* 780 F.2d 1305, 1313 (7th Cir.1986) (speculation regarding government's undisclosed arrangements with prosecution witnesses not enough to justify evidentiary hearing). And "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart, supra* 461 U.S. at 437, 103 S.Ct. at 1941. The attorney's fees provision in the PTL–Solar Equity lease contracts is comprehensive; it is not limited to litigation expenses. As a result, PTL has not raised a sufficient question regarding the reasonableness of the fees in order to justify a hearing.

■ PTL is correct, however, in asserting that Solar Equity is not entitled to attorneys' fees for work done on the fee petitions. In general, "while an indemnitee may recover from his indemnitor attorneys' fees expenses incurred in defending a claim as to which he is indemnified, he may not recover fees and expenses incurred to establish his right against the indemnitor." *Peter Fabrics, Inc. v. S.S. Hermes,* 765 F.2d 306, 315 (2d Cir.1985). There is an exception to this rule when the contract explicitly says otherwise, *id.* at 316 (citation omitted), but that is not the case here. A common sense interpretation of the cost-shifting provision is that it only applies when Solar Equity is enforcing its rights in the trailers, as defined by the lease contracts. While the clause says "[trailers] or this lease," those terms are not so explicit

that this court should interpret them to mean that two distinct claims, one regarding trailers and one regarding fees, are encompassed.[1]

■ PTL also may not recover fees for work done on the appeal. No argument for interim fees has been made, and any other award of attorneys' fees would be premature. In the interests of finality, this court declines to enter an order that may need to be changed in the future. Solar Equity's supplemental petition in the amount of $2,522.26 will therefore be disallowed.

■ This court declines to award Solar Equity only 3% of the remaining fee petition. The jury was not asked to weigh the relative fault of the parties; it was asked to find that one party or the other breached the leases and to award proper damages. There is no sound reason to believe that the jury violated or misunderstood the instructions. Moreover, as was previously mentioned, this court has examined the fee petition and supporting documents and finds that the expenses were actually and reasonably incurred. PTL thus is required to pay Solar Equity $61,573.31, the amount set forth in Solar Equity's initial fee petition.

■ With respect to pre-judgment interest, the court finds that Solar Equity is entitled to 18% simple interest only. The lease contracts state that interest on overdue sums would be in the amount of "1½% per month (18% per annum)." Because the entire term can be read consistently if the interest rate is simple rather than compounded, that must have been the intent of the parties.

## CONCLUSION

PTL is ordered to pay Solar Equity $61,573.31 in accordance with Solar Equity's original petition for costs, expenses, and

1. Fourteen years ago, the Seventh Circuit allowed a party to recover fees incurred in enforcing an attorneys' fee clause. *Schroeder v. C.F. Braun & Co.,* 502 F.2d 235, 245 (7th Cir.1974). This court has not followed that ruling, however, because it believes the Seventh Circuit would not do so. The *Schroeder* court did not

explain its holding, nor has the case ever been cited by the Seventh Circuit on that point. Moreover, a thorough Second Circuit opinion questioned the result and declined to follow it. *Peter Fabrics, Inc. v. S.S. Hermes, supra,* at 315–16 and n. 3 (1985) (Friendly, J.).

attorneys' fees. Solar Equity's supplemental petition is denied, and pre-judgment interest is to be computed at a rate of 18% simple interest.